ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
In a letter from Assistant Corporation Counsel Robert G. Polasek, dated October 15, 1971, the following facts were stated.
The Milwaukee County Expressway and Transportation Commission has an option to purchase real property consisting of land and a building, housing a tavern and an apartment, and another building a half lot cottage. The real property has been leased by the owner to the operator of the tavern under a five-year lease. The lessee subleases the apartment. The question posed is whether the lessee is eligible for statutory compensation for rent loss.
Section 32.19 (4) (a) 5., Stats. (1969), provided:
"(a) In addition to amounts otherwise authorized by this chapter, the condemnor shall reimburse the owner of real property acquired for a project for all reasonable and necessary expenses incurred for:
"5. Net rental losses resulting from vacancies during the year preceding the taking of the property, . . ."
This provision was repealed and recreated by ch. 103, Laws of 1971, effective retroactive to January 2, 1971. Section 32.19 (4) (c) 6., Stats. (1971), now provides: *Page 17 
"6. Reasonable net rental losses where a) the losses are directly attributable to the public improvement project and b) such losses are shown to exceed the normal rental or vacancy experience for similar properties in the area."
Section 235.50, Stats. (1969), provided:
"The term `conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned or by which the title to any real estate may be affected in law or equity, except wills and leases for a term not exceeding three years; and the term `purchaser,' as so used, shall be construed to embrace every person to whom any estate or interest in real estate shall be conveyed for a valuable consideration. . ."
A lease for more than three years under sec. 235.50, Stats. (1969), constituted "real estate" in Wisconsin.
". . . A long-term leasehold under the circumstances is clearly `an interest in lands' and therefore is `real estate'. . ."Catholic Knights of Wisconsin v. Levy (1952), 261 Wis. 284, 288,53 N.W.2d 1.
Chapter 285, Laws of 1969, repealed sec. 235.50. Stats., and created sec. 706.01 (1), (2) (c) and (3), Stats. These provisions read:
"(1) Subject to the exclusions in sub. (2), this chapter shall govern every transaction by which any interest in land is created, aliened, mortgaged, assigned or may be otherwise affected in law or in equity.
"(2) Excluded from the operation of this chapter are transactions which an interest in land is affected:
". . .
"(c) By lease for a term limited to one year or less; . . ."
"(3) A `conveyance' is a written instrument, evidencing a transaction governed by this chapter, which satisfies the requirements of s. 706.02" *Page 18 
Chapter 285, Laws of 1969, became law July 1, 1971. Section 235.50, Stats. (1969), treated a lease of more than three years as a "conveyance" and defined "purchaser" as ". . . every person to whom any . . . interest in real estate shall be conveyed . . ."
The new chapter refers to grantors and grantees.
"`Grantor' means the person from whom an interest in lands passes by conveyance and includes, without limitation, lessors, vendors, mortgagors, optionors, releasors, assignors and trust settlors of interest in lands. `Grantee' means the person to whom such interest passes. . . ." sec. 706.01 (5), Stats.
In construing the new chapter, it is my opinion that the legislative intent was to incorporate sec. 235.50, Stats., as construed by the court into ch. 285, Laws of 1969, and to broaden its coverage by defining leases in excess of one year as "real estate." Technically, real estate refers only to land, and real property refers to land and improvements. These terms were made interchangeable by sec. 990.01 (35), Stats.
Under Wisconsin law, a lessee with a lease for more than one year is a joint owner with the lessor of real property. Consequently, such a lessee would qualify for payment pursuant to sec. 32.19 (4) (a) 5., Stats., and ch. 103, Laws of 1971, sec. 4.
RWW:EGY