GREEN BAY BROADCASTING COMPANY, a Wisconsin corporation, and Jean Flatow, d/b/a Flatow's, Plaintiffs-Respondents,†

V.

The REDEVELOPMENT AUTHORITY OF the CITY OF GREEN BAY, Wisconsin, Defendant-Appellant-Petitioner.

Supreme Court

*No. 82–472. Argued September 6, 1983.—
Decided December 23, 1983.*

(Also reported in 342 N.W.2d 27.)

---

† Motion for reconsideration granted March 15, 1984.

1

2

For the defendant-appellant-petitioner there were briefs by *Robert L. Bittner* and *Bittner, Hinkfuss, Sickel & Calewarts,* Green Bay, and oral argument by *Robert L. Bittner.*

For the plaintiffs-respondents there were briefs by *J. Robert Kaftan* and *Kaftan, Kaftan, Kaftan, Van Egeren, Ostrow, Gilson & Geimer, S.C.,* for Green Bay Broadcasting Company, and *Avram D. Berk, Berk Law Offices, S.C.,* for Jean Flatow, all of Green Bay, and oral argument by *J. Robert Kaftan* and *Bernard Berk.*

HEFFERNAN, C. J.   This is a review of an unpublished decision of the court of appeals dated October 26, 1982, which affirmed an order of the circuit court for Brown county, N. Patrick Crooks, circuit judge, which dismissed the appeal of the redevelopment Authority of the City of Green Bay from a condemnation award. We reverse and direct that the cause be remanded to the circuit court for the disposition of the appeal on its merits.

The condemnation proceeding was commenced pursuant to sec. 32.06, Stats. Sec. 32.06 outlines the procedure to be used for condemnations when the project does not involve a transportation project.[1] The principal issue is

[1] "32.06  Condemnation procedure in other than transportation matters. The procedure in condemnation in all matters except acquisitions under s. 32.05 or 32.22, acquisitions under chapter 275,

whether a party aggrieved by a condemnation award under sec. 32.06 is required to give notice of an appeal to all who were parties in the proceeding or only to "oppo-

laws of 1931, as amended (Kline Law), acquisitions under ch. 157, and acquisitions under ch. 197, shall be as follows:

\*  \*  \*

"(10) APPEAL TO CIRCUIT COURT. Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court as provided in s. 32.05(10). The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein, but the only issues to be tried shall be questions of title, if any, as provided by ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor, and it shall have precedence over all other actions not then on trial. It shall be tried by jury unless waived by both plair.tiff and defendant. The amount of the jurisdictional offer or of the commission's award shall not be disclosed to the jury during such trial.

"(a) If the jury verdict as approved by the court exceeds the commission's award, the owner shall have judgment increased by the amount of legal interest from the date title vests in condemnor to date of entry of judgment on the excess of the verdict over the compensation awarded by the commission.

"(b) If the jury verdict as approved by the court does not exceed the commission's award, the condemnor shall have judgment against the owner for the difference between the verdict and the amount of the commission's award, with legal interest on such difference from the date condemnor paid such award.

"(c) If the jury verdict as approved by the court exceeds the amount of the jurisdictional offer, the condemnor may within 40 days after filing of such verdict petition the court for leave to abandon the proceeding and thereafter sub. (9)(a) shall apply.

"(d) All judgments required to be paid shall be paid within 60 days after entry of judgment unless within this period appeal is taken to the court of appeals or unless condemnor has petitioned for and been granted an order abandoning the condemnation proceeding. Otherwise such judgment shall bear interest from the date of entry of judgment at the rate of 10% per year until payment."

site" parties. We conclude that, although it is required the appeal be taken from the whole award, it is necessary, under sec. 32.06, only to give notice of the appeal to opposite parties, *i.e.*, parties whose property interests are valued in an amount that the appellant finds objectionable. We also conclude that the phrase in sec. 32.06 (10), "giving notice of appeal . . . as provided in s. 32.05 (10)," does not mandate any requirement in respect to whom notice shall be given but is only mandatory in respect to the mode or method of giving notice. Additionally, we hold that, where the statutes require that notice of appeal be given to the clerk of court and also to the additional party or parties as provided in sec. 32.06 (10) and sec. 32.05 (10),[2] the order of giving notice, under these portions of the condemnation statute, is irrelevant.

---

[2] "**32.05 Condemnation for sewers and transportation facilities.** In this section, "mass transit facility" includes, without limitation because of enumeration, exclusive or preferential bus lanes if those lanes are limited to abandoned railroad right-of-ways or existing expressways constructed before May 17, 1978, highway control devices, bus passenger loading areas and terminal facilities, including shelters, and fringe and corridor parking facilities to serve bus and other public mass transportation passengers, together with the acquisition, construction, reconstruction and maintenance of lands and facilities for the development, improvement and use of public mass transportation systems for the transportation of passengers.

\* \* \*

"**(10) APPEAL FROM COMMISSION'S AWARD TO CIRCUIT COURT.** (a) Within 60 days after the date of filing of the commission's award, any party to the proceeding before the commission may appeal to the circuit court of the county wherein the property is located. Notice of such appeal shall be given to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners. Notice of appeal may be given by certified mail or by personal service. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein and shall

All that is required is that the conjunctive requirement that both be given notice be satisfied.

The petitioner in this review, The Redevelopment Authority of the City of Green Bay (Authority), is a municipal corporation created by the common council of the city of Green Bay pursuant to sec. 66.431(3), Stats., to eliminate urban blight and to renew portions of the city of Green Bay. The Authority commenced a condemnation under sec. 32.06, *Condemnation procedure in other than transportation matters*. The property was an office building owned by the Green Bay Broadcasting Company and occupied by it and six other tenants: Jean Flatow, d/b/a Flatow's, who is denominated as a plaintiff in the appeal from the condemnation award; Doering Jewelry, Inc.; Riedi Hearing Aids; Custom Tailor Shop; Green Bay Blueprint, Inc.; and the law firm of Egan, Laird, and Nellen, S.C. Each of these tenants and the Green Bay Broadcasting Company, in its additional capacity as a tenant of the building, had installed immovable fixtures in separately leased premises. On October 28, 1980, the Authority served an appraisal and combined jurisdictional offer on the owner and on each tenant. The juris-

have precedence over all actions not then on trial. The sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant. Neither the amount of the jurisdictional offer, the basic award, nor the award made by the commission shall be disclosed to the jury during such trial.

"(b) The court shall enter judgment for the amount found to be due after giving effect to any amount paid by reason of a prior award. The judgment shall include legal interest on the amount so found due from the date of taking if judgment is for the condemnor, and from 14 days after the date of taking if judgment is for the condemnee.

"(c) All moneys due under this subsection shall be paid within 60 days after entry of judgment unless within such period an appeal is taken by any party to the court of appeals."

dictional offer was accepted by no one within the time set by the statutes; and, accordingly, the jurisdictional offer was deemed rejected. Sec. 32.06 (6).

Because of the nonacceptance of the jurisdictional offer, the Authority, pursuant to sec. 32.06 (7), Stats., petitioned the circuit court for the assignment of the matter to the Brown County Condemnation Commission to determine the amount of just compensation and to determine the respective interests of the owner and the tenants in the property. On December 17, 1980, the circuit court for Brown county, Richard G. Greenwood, Circuit Judge, assigned the matter to the Brown County Condemnation Commission. A hearing was held before that commission pursuant to sec. 32.06 (8). On January 29, 1981, the commission filed its award with the clerk of circuit court, specifying the property and the value of the property in respect to the owner and each of the tenants.[3]

---

[3] "1. To the property owner, Green Bay Broadcasting Co.

    a. value of building and land ............ $290,449.00
    b. total value of immovable fixtures .....  62,735.00**

                                                $353,184.00*

    * The total of $353,184.00 does not include a value of $23,490.00 set by the commission on the Pine Street frontage—30 × 50, 1,784 square feet @ $13.50—on which the City of Green Bay has had an easement for street purposes ...................  23,490.00

                                                $376,674.00

    ** A list of tenants entitled to immovable fixture re-imbursement are set forth on Schedule A attached hereto."

"Schedule A

*Tenants entitled to immovable fixtures re-imbursement:*

1. To the tenant, Custom Tailor Shop ............. $ 2,790.00
2. To the tenant, Deoring Jewelry, Inc. ............  4,750.00
3. To the tenant, Egan, Laird & Nellen, S. C. ......  8,365.00

It should be noted that the condemnation commission awarded as compensation for the building, land, and fixtures $353,184, whereas the jurisdictional offer for building, land, and fixtures was $280,398. In respect to fixtures, the computation made by the commission was identical to the jurisdictional offer with the exception of the fixtures of Flatow and Green Bay Broadcasting Company. The jurisdictional offer for Flatow's fixtures was $9,885. The award was in the sum of $20,366. The jurisdictional offer for Green Bay Broadcasting Company's fixtures was $13,518, while the award was $22,374.

On March 25, 1981, the Authority filed a notice of appeal in the office of the clerk of court for Brown county. The notice of appeal was captioned, "Green Bay Broadcasting Company, a Wisconsin corporation, and Jean Flatow, d/b/a Flatow's, Plaintiffs, vs. The Redevelopment Authority of the City of Green Bay, Wisconsin, Defendant." The notice of appeal recited:

"PLEASE TAKE NOTICE, That pursuant to Sec. 32.-06(10), Wis. Stats., the Defendant herein appeals to the Circuit Court the matter of the determination of the Condemnation Commission of Brown County, Wisconsin, regarding the taking of the parcel of land described in the attached legal description . . . ."

The attached legal description is identical to that which appeared in the caption in the *lis pendens* filed on November 21, 1980, and in the order of the circuit court assigning the matter to the condemnation commission. The notice of appeal was served only on the parties named in the caption, The Green Bay Broadcasting Company and

| | | |
|---|---|---|
| 4. To the tenant, Flatow ........................ | 20,366.00 |
| 5. To the tenant, Green Bay Blue Print ............ | 3,820.00 |
| 6. To the tenant, Green Bay Broadcasting ......... | 22,374.00 |
| 7. To the tenant, Reidi Hearing Aids .............. | 270.00 |
| TOTAL IMMOVABLE FIXTURES ........... | $62,735.00" |

Jean Flatow. The remaining five tenants on whom the jurisdictional offer was served were not served with the notice of appeal, named in the caption, nor joined as parties. After sixty days had elapsed following the date of the filing of the commission's award, the condemnees, *i.e.,* Green Bay Broadcasting Company and Flatow, moved to dismiss the appeal on the ground that the Authority had failed to comply with the provisions of secs. 32.06(10) and 32.05(10), Stats. Sec. 32.06(10) provides, in part:

"Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court as provided in s. 32.05(10)."

Sec. 32.05(10), Stats., provides, in part, that:

"Notice of such appeal shall be given to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners."

The condemnees, Green Bay Broadcasting Company and Flatow, persuaded the circuit court that, taken together, these two sections compelled the court to hold that notice to Green Bay Broadcasting Company and Flatow was insufficient—that for the circuit court to secure jurisdiction to proceed, notice had to be given to the other five parties to the proceeding before the commission. The trial court concluded that, because only two of the seven parties were given notice, the appeal was not from the gross award, as it should have been. In addition, there was a failure to join necessary parties; and, moreover, the service was improper even as to Flatow and Green Bay Broadcasting Company, because sec. 32.-06, Stats., required that notice first be given to the opposite parties and then to the clerk, while the reverse order of service was employed by the Authority. The

trial court, N. Patrick Crooks, Circuit Judge, dismissed the appeal on January 15, 1982. On appeal, the trial court's order was affirmed. We reverse.

The basis on which the court of appeals made its decision is not clear. At one point it asserts that, because the appeal was "from the commission's gross award and that all of the parties to the condemnation proceeding should have been joined," the appeal was defective. At another point in the opinion it is asserted that the appeal was defective because it was not from the gross award but only from those portions of the award which determined the just compensation for Green Bay Broadcasting Company as a landowner and as a tenant and Jean Flatow as a tenant.[4]

We conclude that the notice of appeal filed by the Authority, without question, referred to the gross award. The court of appeals was correct when, from its inspection of the record, it initially so held.

The petitioner, Redevelopment Authority, in this court, has asserted that adherence to "the unit rule" or the necessity to appeal from a gross award is not required. This assertion by the Redevelopment Authority is erroneous. However, this erroneous view of the law is not

---

[4] Both the trial court and the court of appeals, in concluding that the appeal in the circuit court was the commencement of a civil action, relied upon this court's recent holding in the *519 Corporation v. Department of Transportation*, 92 Wis. 2d 276, 284 N.W.2d 643 (1979). Therein we held that the appeal statute, sec. 32.05(10), "establishes the first judicial proceeding in which the parties are before the circuit court; previously the parties' appearance was before the circuit judge in the judge's administrative capacity" (p. 286), and, hence, all procedural requirements must be strictly enforced.

We conclude that the notice of appeal fully complied with the condemnation procedures and a rule of strict construction is, therefore, not called into play.

fatal in the instant case, because the document captioned, "Notice of Appeal," was, in fact, addressed to the gross award. As set forth in the summary of facts, the notice stated the appeal to be in regard to the "taking of the parcel of land described in the attached legal description." The land described constitutes the whole of the taking and is the same description utilized in the original petition, the *lis pendens*, and in the jurisdictional offer. The appeal was from the whole award, the entire determination by the condemnation commission.

Because the Authority on this petition for review has asserted that the unit rule does not apply in Wisconsin, we point out that its acceptance is beyond question in Wisconsin jurisprudence. The unit rule and the undivided fee rule are recognized by Nichols in his treatise on *Eminent Domain* as being substantially the same, *i.e.:*

". . . when a tract of land is taken by eminent domain, as the land itself is taken by a paramount title rather than the separate estates of different persons having interests in the land, the compensation awarded is for the land itself and not for the sum of the different interests therein. . . . The public pays what the land is worth, and the amount so paid is to be divided among the various claimants, according to the nature of their respective estates." Sec. 12.36, pp. 12–685—12–687.

■ The unit rule is designed to protect the interests of the condemnor and not to protect the interests of a condemnee. The condemnees, irrespective of their interests, are indeed constitutionally entitled to just compensation, but contracts between the owners of different interests in the land should not be permitted to result in a total sum which is in excess of the whole value of the undivided fee.

The unit rule is described in a similar fashion by Nichols, Sec. 13.121 (1), p. 13–54:

"In the valuation process, traditionally the unit rule was followed despite the provisions of the lease and regardless of the right of the tenant to remove improvements."

The unit rule is a reflection of the common law theory that anything that was attached to a freehold was annexed to and considered to be a part of it. If fixtures such as those in question here are attached to the real estate, they are treated as real estate in determining the total award. In computing the total award, they are considered to enhance the value of the fee. However, in condemnation proceedings, in apportioning the award, the fixtures are treated as personal property to be credited to the tenants. 2 Nichols, *Eminent Domain*, Fixtures, sec. 5.47, p. 5–506.

The unit rule has frequently been restated in the Wisconsin law as requiring that improved real estate be valued in respect to its gross value as a single entity as if there were but one owner. *Milwaukee and Suburban Transport Corp. v. Milwaukee County*, 82 Wis. 2d 420, 448, 263 N.W.2d 503 (1978); *Aero Auto Parts, Inc. v. Department of Transportation*, 78 Wis. 2d 235, 243, 253 N.W.2d 896 (1977). In determining the market value of the whole premises, the fixtures are to be taken into consideration, and the owner is entitled to damages for their destruction. 2 Nichols, *Eminent Domain*, sec. 5.47 (1), p. 5–508. Theoretically, then, it is only after there is a determination of the taken property's total value— the gross award—which would include an enhancement by reason of fixtures, that the award is apportioned to the various interests in the property. *Maxey v. Redevelopment Authority of Racine*, 94 Wis. 2d 375, 401, 288 N.W.2d 794 (1980). At the time of such apportionment:

"The tenant is entitled to the proportionate share of the lump-sum award that corresponds to his proportionate share of the total value of the several interests in the property condemned." Restatement of Property 2d, *Eminent Domain*, sec. 8.2, comment d, p. 271.

Of course, that proportionate share in respect to a tenant need not reflect only the value of immovable fixtures. It might well, in an appropriate case, reflect the value of an unexpired lease terminated by the condemnation. *See, Maxey, supra.*

In *Milwaukee and Suburban Transport Corp., supra,* this court was asked to decide whether the unit rule of damages required that the verdict be limited to a single question which would ask the jury the fair market value on the date of the taking. This court held that the multiple-question verdict used by the trial court was correct when the first question asked the fair market value, *i.e.,* the gross award for the property taken. The remaining questions in the verdict asked what calculations or value considerations had gone into the jury's determination of the total value. The court held that the various components which made up the gross award should be valued and shown in these subsidiary questions as contributing parts of the organic whole. We held that the trial court instruction was correct when it stated:

" 'The property in question is but a single unit. While it is composed of all of the elements about which the witnesses have testified during the course of this trial, it must be valued as a single unit. It is your duty to take into consideration all of the elements and factors that enter into the question of its fair market value . . . .' " P. 450.

In appraising the verdict used by the trial court in *Milwaukee and Suburban Transport Corp.,* this court stated:

"The structure of the verdict itself was also consistent with a unitary approach. The first question asked

the fair market value of the property taken. The remaining questions merely asked what calculations had gone into the jury's determination of overall value; they did not require the jury to value individual components *in isolation* from the remainder of the system." (Emphasis supplied.) P. 450.

The court pointed out that the unit rule was not contravened merely because there was a determination of the value of the various components of the total property. Thus, in this case, as in *Milwaukee and Suburban Transport Corp.*, it is apparent that the unit rule was, as is clear from the face of the award, adhered to by the condemnation commission because the components were valued not in isolation but as interacting parts of the larger whole.[5] The "determination" made by the condemnation commission was the gross award, and it was that gross award that was the subject of the appeal and was identified as such when the Authority showed in its notice that it was appealing from the award in respect to the totality of the real estate sought to be condemned in the original petition. The fact that there was an objection to the method of calculation or of the valuation of the components of the gross award, *i.e.*, the valuation of the immovable fixtures owned by defendants Flatow and Green Bay Broadcasting Company, does not vitiate the condemnor's appeal from the gross award. Obviously, the gross award was attacked by the appeal because of an alleged deficiency in the valuation of its components. The gross award is attacked, but only to the extent the Authority alleges that the Flatow and Broadcasting Company's fixtures were over-valued. The award to

---

[5] At this juncture we do not make the determination that either the procedure or the ultimate determination of the condemnation commission was correct, for that is the very subject of the appeal to the circuit court.

other parties before the commission is not questioned. Any reduction in the gross award would only affect the compensation paid to Flatow and the Broadcasting Company as tenant for their fixtures.

Thus, the question which the Authority would have had the circuit court address on appeal from the award is the extent to which the immovable fixtures owned by Green Bay Broadcasting Company and Jean Flatow as tenants enhanced the value of the real estate condemned —was that enhancement properly valued? The appeal from the gross award was appropriate—indeed necessary under the unit rule—to attack the correctness of the constituent components that went into the gross award. The notice of appeal in that respect was correct as to form and as to substance.

The plaintiffs also contend that, even were it found that the appeal is from the appropriate gross award, nevertheless the Authority was required to give notice to all who were parties to the condemnation proceeding before the commissioners and that notice only to the captioned parties, Green Bay Broadcasting Company and Flatow, was insufficient. Their argument is predicated on the language of sec. 32.06(10), Stats., which states that:

"(10) . . . condemnor or owner may appeal to the circuit court by giving notice of appeal to the *opposite party* and to the clerk of the circuit court as provided in s. 32.05(10)." (Emphasis supplied.)

The condemnees, Green Bay Broadcasting Company and Flatow, insist that the reference to sec. 32.05(10), Stats., incorporates as a controlling part of sec. 32.06 (10) the language:

"Notice of such appeal shall be given to the clerk of the circuit court and to *all persons* other than the appel-

lant *who were parties to the proceeding before the commissioners."* (Emphasis supplied.)

Thus, it is asserted that the appeal was deficient because necessary parties (all the other tenants) were omitted from the service of the notice of appeal. We are unpersuaded by this argument in light of the legislative history and the clear language of the statute. Sec. 32.06 (10), referring to sec. 32.05(10), states that notice of appeal shall be given "as provided" in the incorporated section. "As provided" is arguably ambiguous, since it could mean, as the condemnees argue, that notice shall be given to the "parties" as provided in sec. 32.05(10) or it may mean service shall be given in the "manner" provided by sec. 32.05(10).

Initially, we point out that the first sentence of sec. 32.06 states, "The procedure in condemnation in all matters except acquisitions under s. 32.05 . . . . shall be as follows." Hence, the legislative intent is clear that the procedure utilized in condemning property for other than transportation purposes (sec. 32.06) is intended to be different than the procedure to be used for condemnation of transportation facilities (sec. 32.05). Accordingly, we start with the statutory declaration that the procedure of sec. 32.05 is not to be applied to sec. 32.06 unless a contrary intent is spelled out.

The forerunner to both secs. 32.05 and 32.06 was sec. 32.11, Stats., enacted by ch. 571 of the Laws of 1919. In its appeal provisions, sec. 32.11 is silent in respect to whom shall be served by a notice of appeal, but it is clear that, upon the perfection of the appeal:

"The clerk shall thereupon enter the appeal as an action pending in said court with the owner or owners of the property for which the award was made and *who are parties to the appeal* as plaintiffs and the party by

whom the property is taken as defendant." (Emphasis supplied.)

Thus, under sec. 32.11, Stats., the obvious implication is that not all persons who were parties before the condemnation commission were necessary to the appeal. By ch. 639, Laws of 1959, the earlier statute was repealed; and in the same chapter, separate procedures were enacted: Sec. 32.05, entitled, "Condemnation for Streets, Highways, Alleys and Airports"; and sec. 32.06, entitled, "Condemnation Procedure in Other Than Highway Matters."

The appeal provisions for the two procedures were substantially different. For example, under sec. 32.05 (10), the time within which an appeal could be brought was sixty days. Under sec. 32.06(10), the time period was seventy days. Under sec. 32.05, any party who had been before the commission could appeal, while, under sec. 32.06, only the condemnor or the owner could appeal; and, pertinent to the question before this court, according to the 1959 revision, under sec. 32.05(10), notice was to be given "to all persons other than the appellant who were parties to the proceeding before the commissioners," while, under sec. 32.06(10), notice of appeal needed be given only "to the opposite party." The latter difference in the procedure remains to the present day.

These differences are significant because the two sections both purported to be revisions of the appellate procedure established by the 1919 statutes. They were incorporated into a single bill and yet revealed a substantial disparity. On the assumption that the legislature was not engaging in semantic nonsense, it is reasonable to conclude that the legislature's decision to use the language that notice of appeal shall be given "to all persons

other than the appellant who were parties to the proceeding before the commissoners" in sec. 32.05(10), and that notice of appeal shall be given "to the opposite party," contained in sec. 32.06(10), intended a difference in meaning. It strains credulity to reach the conclusion urged by the plaintiff-tenants that "opposite party" is identical in meaning with "all persons other than the appellant who were parties to the proceeding before the commissioners." We conclude that sec. 32.06(10), the procedure clearly applicable to this condemnation action, requires that notice of appeal be given only to the opposite party and not, as provided in sec. 32.05(10), to all persons who had previously appeared before the commission.

The plaintiffs also argue that the phrase in sec. 32.06 (10), "as provided in s. 32.05(10)," controls who must be served with notice of appeal. We think that an analysis of the two sections leads to the inevitable conclusion that the phrase has reference only to the manner in which notice is to be given and not to whom notice shall be given.

Secs. 32.05 and sec. 32.06 are each complete in themselves in respect to who may take an appeal and on whom a notice of appeal shall be served. However, sec. 32.06 is silent in respect to the mode or manner of the service of notice of appeal, while sec. 32.05(10)(a) prescribes that notice of appeal "may be given by certified mail or by personal service." Thus, the only procedure which appears in the portion of the statute that is to be incorporated by reference that does not appear in sec. 32.06 is the mode of service. The only rational conclusion is that the legislature intended to incorporate into sec. 32.06 only that which it had not provided for in the section itself.

Moreover, statutes should be construed in a manner which will avoid a construction that makes a word or phrase superfluous. *Wisconsin Electric Power Co. v. Public Service Comm.*, 110 Wis. 2d 530, 329 N.W.2d 178 (1983). If we were to heed the advice of the condemnees, Green Bay Broadcasting Company and Flatow, and construe "opposite party" to mean all persons in the proceedings before the commission, the phrase, "opposite party," would be superfluous. Had the legislature truly intended that "opposite party" have the meaning assigned to it in sec. 32.05(10), then it would have stated, "either condemnor or owner may appeal to the circuit court as provided in s. 32.05(10)" and omitted "opposite party." Thus, when sec. 32.06(10) is compared to sec. 32.05(10), the only conclusion that can rationally be reached is that the legislature intended a different procedure, with the notice of appeal to be served on parties differently denominated. 2A Sutherland, *Statutory Construction* (4th ed.), sec. 51.02, p. 292, states:

" '[W]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed."

We conclude that the condemnor appropriately served notice only upon the opposite parties, *i.e.,* those parties whose positions were hostile or contrary to the position asserted by the condemning Authority. Because the Authority did not object to the sum of the calculations for the immovable fixtures that went into the gross award in respect to five of the tenants, Doering Jewelry, Riedi Hearing Aids, Custom Tailor Shop, Green Bay Blueprint, Inc., and Egan, Laird, and Nellen, they were not opposite parties—their position was not adverse to

the condemning Authority. Thus, there was no reason to serve them. The condemning Authority properly appealed from the gross award when it not only spelled out, in its notice of appeal, that it was concerned with the condemnation of the entire property, but also when, by its delineation of the opposite parties, it specified the components of the gross award which it alleged were the result of improper valuations and contributed to an erroneous gross award.

It would appear sensible and in accordance with the spirit of the condemnation statutes and the rules of procedure to proceed precisely as the Authority did—to name only tenants who were opposite parties. In the instant case, because the unnamed tenants did not appeal the condemnation commission award, they were satisfied with the sum they were to receive as reimbursement for their fixtures. We can assume that these tenants were not at this juncture adverse or opposite parties. Although the defendant Authority was aggrieved in respect to the gross sum determined by the commission, its grievance involved the component portion of the gross award that pertained to the named tenants. It would be contrary to sound judicial administration and expeditious procedure for this court to require more parties to be joined in an action than necessary for the determination of the issues essential to resolve the controversy. Although merely requiring service of a notice would not appear to be onerous, the statute does not require it. Moreover, there is no rational reason why notice should be required in respect to "non-opposite parties" in a situation such as we have in the present case. Where only the enhanced value of the general fee that was attributable to the allegedly erroneous evaluation of the interest of the named tenants is questioned, there is no reason for other tenants to be notified. Their portion of the gross award would not be at issue.

One other subsidiary issue remains. Sec. 32.06(10), Stats., requires that the appellant file an appeal from a condemnation award "by giving notice of appeal to the opposite party and to the clerk of the circuit court." In this proceeding, the Authority first filed the notice of appeal with the clerk of court and then gave notice to the opposite party. We conclude this is inconsequential. The procedure utilized conformed to that required by the rules of civil procedure, sec. 801.02(1). Because the appeal of a condemnation award is tantamount to commencing a civil action under the rules of civil procedure, the preferred method should indeed be the filing first of the notice with the clerk of court and the subsequent service on the appropriate parties. This is precisely what the Authority did to perfect its appeal. We are not called upon to determine whether or not the service procedure urged by the tenants, which does not comport with the code of civil procedure, would vitiate the commencement of the action. We hold that the procedure outlined under sec. 32.06(10) only requires "giving notice of appeal to the opposite party and to the clerk of the circuit court." We conclude that "and" does not impose an order or sequence by which the service should have been accomplished. The conjunctive merely implies that both requirements must be complied with for an appeal pursuant to sec. 32.06(10). 1A Sutherland, *Statutory Construction* (4th ed.), sec. 21.14, pp. 90–1, provides:

"Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive 'and' should be used."

The legislature intended that both the opposite party and the clerk of court receive the notice of appeal, with no specification as to the order of serving such notice. The Random House Dictionary of English Language and

Black's Law Dictionary both define "and" as a conjunctive only, without any indication that the word, "and," necessarily connotes any mandated sequence or order. We conclude, therefore, that the service as made was appropriate to initiate the appeal and the pending action in the circuit court.

The Redevelopment Authority of the City of Green Bay properly appealed from the gross award of the condemnation commission and appropriately served notice of appeal on the requisite opposite parties in conformity with the strictures of sec. 32.06 (10), Stats. The court of appeals erred when it affirmed the trial court's dismissal of the appeal. The decision of the court of appeals affirming the plaintiffs' motion to dismiss the Authority's appeal to the circuit court is reversed, and the cause is remanded to the circuit court for Brown county for the purpose of proceeding with the appeal as contemplated by sec. 32.06 (10), Stats.

*By the Court.*—Decision reversed and cause remanded to the circuit court.