GREEN BAY BROADCASTING COMPANY, a Wisconsin corporation, and Jean Flatow, d/b/a Flatow's, Plaintiffs-Respondents,

v.

THE REDEVELOPMENT AUTHORITY OF the CITY OF GREEN BAY, WISCONSIN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 82–472. Argued May 29, 1984.—Decided June 20, 1984.*

(Also reported in 349 N.W.2d 478.)

For the defendant-appellant-petitioner, on reconsideration, there was a brief by *William Hinkfuss,* and *Hinkfuss, Sickel & Calewarts,* Green Bay, and oral argument by *William Hinkfuss.*

For the plaintiff-respondent, Green Bay Broadcasting Company, on reconsideration, there were briefs by *J. Robert Kaftan* and *Kaftan, Kaftan, Kaftan, Van Egeren, Ostrow, Gilson & Geimer, S.C.,* Green Bay, and oral argument by *J. Robert Kaftan.*

For the plaintiff-respondent, Jean Flatow, on reconsideration, there were briefs by *Avram D. Berk* and *Berk Law Offices, S.C.,* Green Bay, and oral argument by *Mr. Berk.*

PER CURIAM. (On motion for reconsideration.) Green Bay Broadcasting Company and Jean Flatow, plaintiffs-respondents, moved for reconsideration of the opinion previously filed in this case. See *Green Bay Broadcasting Company v. The Redevelopment Authority of the City of Green Bay,* 116 Wis. 2d 1, 342 N.W.2d 27 (1983). Upon reconsideration the parties address the following issues: (1) whether the court erred in its prior opinion in characterizing the interest of Green Bay Broadcasting Company to be valued on appeal as its interest in immovable fixtures; and (2) whether the tenants who were not served on appeal are "opposite parties," that is, whether the awards made to five tenants who were not served on appeal would be affected in any way if the gross award and the award to Green Bay Broadcasting Company or Flatow were modified.

Upon review we conclude that the opinion previously filed mistakenly stated that the redevelopment authority's (Authority) disagreement with Green Bay Broadcasting Company (Broadcasting Company) was only the valuation of the Broadcasting Company's interest in immovable fixtures. The parties agree, and on reconsideration of the record we conclude, that the Authority disputes the valuation of the Broadcasting Company's interest as the owner of the fee as well as its interest in immovable fixtures.

Accordingly we withdraw language of the opinion which reflects this error and substitute language which correctly states the dispute between the Authority and the Broadcasting Company.

Accordingly we withdraw the following language:

"The gross award is attacked, but only to the extent the Authority alleges that the Flatow and Broadcasting Company's fixtures were over-valued." 116 Wis. 2d at 14.

and substitute the following sentence:

The gross award is attacked, but only to the extent the Authority alleges that Broadcasting Company's interest as owner of the fee and Flatow's fixtures and Broadcasting Company's fixtures were over-valued.

We withdraw the following language:

"Any reduction in the gross award would only affect the compensation paid to Flatow and the Broadcasting Company as tenant for their fixtures.

"Thus, the question which the Authority would have had the circuit court address on appeal from the award is the extent to which the immovable fixtures owned by Green Bay Broadcasting Company and Jean Flatow as tenants enhanced the value of the real estate condemned —was that enhancement properly valued?" 116 Wis. 2d at 15.

and substitute the following two sentences:

Any reduction in the gross award would only affect the compensation paid to Broadcasting Company as owner of the fee and paid to Flatow and the Broadcasting Company for their fixtures.

Thus, the question which the Authority would have had the circuit court address on appeal from the award is whether the Broadcasting Company's fee was properly valued and the extent to which the immovable fixtures owned by Green Bay Broadcasting Company and Jean Flatow as tenants enhanced the value of the real estate condemned—was that enhancement properly valued?

We also withdraw the following language:

"Where only the enhanced value of the general fee that was attributable to the allegedly erroneous evaluation of the interest of the named tenants is questioned,

there is no reason for other tenants to be notified." 116 Wis. 2d at 20.

and substitute the following sentence:

Where the enhanced value of the general fee which was attributable to the allegedly erroneous valuation of the owner's fee interest and of the interest of the named tenants is questioned, there is no reason for other tenants to be notified.

As to the second issue on reconsideration, we reach the same conclusion as we reached in the opinion previously filed: We conclude that the tenants whose awards the Authority has not challenged are not opposite parties and need not be served. At trial, in determining the sums ultimately to be paid to the Broadcasting Company and Flatow, the general rules concerning the jury's valuation of the entire property and the allocation of that value among the owners of separate interests in the property continue to apply. The sums already allocated by the condemnation commission to the five tenants who were not served will not, however, be affected because neither these tenants nor the Authority appealed the amounts of their awards, and these tenants are not parties to the appeal.

Accordingly, on reconsideration our prior opinion is modified as set forth above, and our prior mandate is hereby confirmed.