Floyd J. Van Asten and Irene M. Van Asten, Plain-
tiffs-Respondents-Cross Appellants,†

v.

State of Wisconsin Department of Transportation,
Defendant-Appellant-Cross Respondent.

Court of Appeals

*No. 96–1835. Oral argument September 16, 1997.—Decided
October 8, 1997.*

(Also reported in 571 N.W.2d 420.)

†Petition to review denied.

136

On behalf of the defendant-appellant-cross respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Kathleen M. Ptacek*, assistant attorney general. Oral argument was by *Kathleen M. Ptacek*.

On behalf of the plaintiffs-respondents-cross appellants, the cause was submitted on the briefs of *David J. Van Lieshout* of *Van Lieshout Law Offices* of

Little Chute and *Benjamin Southwick* of Richland Center. Oral argument was by *Benjamin Southwick*.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J. The State of Wisconsin Department of Transportation appeals and Floyd J. and Irene M. Van Asten (the Van Astens) cross-appeal from an order awarding postverdict litigation expenses to the Van Astens under § 32.28(3)(e), STATS. Because we agree with the Department's argument that the jury verdict of $600,000 failed to exceed by at least $700 and at least 15% the $525,000 jurisdictional offer or the $525,000 highest written offer for the property condemned, thus requiring denial of the motion for litigation expenses under § 32.28(3)(e), we reverse the order.[1]

The Van Astens owned property in Winnebago county that was used as a trucking facility. The Van Astens leased the property to Rollins Leasing Corp., by assignment, for a lease term of January 1, 1989 to July 31, 2000. The Van Astens' lease contained a condemnation clause. The clause provided:

> If the entire leased premises . . . shall be taken under the exercise of the power of eminent domain . . . this lease shall terminate as of the date of such taking; and in that event the LESSOR will reimburse the LESSEE for twelve months rent. If the leased premises are so taken, and this lease is ter-

[1] Our reversal of the trial court's order disposes of the Van Astens' arguments on cross-appeal regarding the alleged evidentiary errors committed by the court. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if a decision on one point disposes of an appeal, we will not decide other issues raised).

minated, the LESSOR shall receive the entire award, including all amounts paid for the taking of the land, the taking or damage to the buildings or other improvements. . . .

The Department commenced this eminent domain acquisition of the Van Astens' property, in its entirety, for the construction of the Highway 10 interchange. The Department's highest offer and jurisdictional offer were each $525,000. The jurisdictional offer was made to the Van Astens, F&M Bank and Rollins Leasing. The amount included the land, improvements and fixtures. The Van Astens rejected the offer.

On March 8, 1994, the title passed from the Van Astens to the Department. The Department awarded the Van Astens $525,000. In accordance with the condemnation clause in their lease, the Van Astens paid Rollins Leasing $40,274.33 for twelve months rent in return for Rollins' release of all claims to the condemnation award.

In October 1994, the Van Astens appealed from the amount of compensation recorded by the Department under its powers of eminent domain. *See* § 32.05(11), STATS. Following a jury trial, the Van Astens were awarded $600,000 as compensation for the acquisition of the commercial property.

The Van Astens subsequently filed postverdict motions seeking, in part, litigation expenses under § 32.28, STATS. This portion of the postverdict motion was granted by the trial court in an order dated June 4, 1996. The Department appeals.

Initially, we highlight some of the aspects of the law governing condemnation actions. " '[W]hen a tract of land is taken by eminent domain . . . the compensation awarded is for the land itself and not for the sum of

139

the different interests therein. . . .' " *Green Bay Broad. Co. v. Redevelopment Auth.*, 116 Wis. 2d 1, 11, 342 N.W.2d 27, 32 (1983) (quoted source omitted). This rule, the unit rule, which is designed to protect the condemnor, stems from the common law theory that anything that was attached to a freehold was annexed to and considered to be a part of it. *See id.* at 11, 12, 342 N.W.2d at 32. The unit rule requires that improved real estate be valued in respect to its gross value as a single entity as if there was only one owner. *See id.* at 12, 342 N.W.2d at 32. "Buildings and improvements are not valued in isolation from the market value of the land, but are considered only to the extent that they enhance the value of the land." *Milwaukee & Suburban Transp. Corp. v. Milwaukee County*, 82 Wis. 2d 420, 448, 263 N.W.2d 503, 518 (1978). Only after there is a determination of the taken property's total value is the award apportioned to the various interests in the property. *See Green Bay Broad.*, 116 Wis. 2d at 12, 342 N.W.2d at 33.

" 'Under Wisconsin law, a lessee with a lease for more than one year is a joint owner with the lessor of real property.' " *Maxey v. Redevelopment Auth.*, 94 Wis. 2d 375, 388, 288 N.W.2d 794, 800 (1980) (quoting 61 Op. Att'y Gen. 16 at 18 (1972)); *see also* § 32.19(4m)(b), (6), STATS., 1993–94. Because a lessee has a property interest, the lessee is entitled to compensation when that interest is completely taken by a condemning authority. *See Maxey*, 94 Wis. 2d at 400, 288 N.W.2d at 806; *see also* § 32.19(4m)(b). A leasehold is normally valued as the difference between the rental value of the premises at the time of taking and the rent due the

lessors during the unexpired term.[2] *See Maxey*, 94 Wis. 2d at 401, 288 N.W.2d at 806. Compensation is apportioned to the lessor for the taking of his or her reversionary interest and to the lessee for the taking of his or her leasehold. *See id.* Where the leasehold is relatively long and rental values have substantially increased since the inception of the lease term, the lessee's share may exhaust the entire award. *See id.*

With these principles in mind, we look to the issue before us. Postverdict, the trial court awarded litigation expenses to the Van Astens under § 32.28(3)(e), STATS. This paragraph awards litigation expenses to the condemnee if "[t]he jury verdict as approved by the court under s. 32.05(11) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15%." Section 32.28(3)(e). The Department's highest written offer and jurisdictional offer were each $525,000 and the jury verdict as approved by the court was $600,000.

The Department argues that we need look no further than the condemnation clause to decide this case. The Department's position is that by agreeing to the condemnation clause, Rollins forfeited its right to any award proceeds. Accordingly, a jury verdict of $603,750, at a minimum, was required to trigger the

---

[2] The RESTATEMENT sets forth a formula to determine the tenant's share of the lump-sum award, absent an agreement otherwise. The tenant is entitled to a proportion of the lump-sum award equal to "the proportion of the total value of the several interests in the property condemned, valued separately, that represents the value of the unexpired period of the tenant's lease, plus the value discounted to the date of the taking of the payments the tenant is required to make to the landlord even though the lease is terminated." RESTATEMENT (SECOND) OF PROPERTY: LANDLORD & TENANT § 8.2(2)(a) (1977).

Van Astens' eligibility for litigation expenses under § 32.28(3)(e), STATS. Because the jury verdict was $600,000, the Department maintains, the trial court erred in awarding litigation expenses to the Van Astens.

The Van Astens contend the Department is merely elevating "form over substance." They posit that the condemnation clause is not a forfeiture clause; rather, it is a carefully bargained paragraph that clearly defined and clearly divided this multiple-ownership property—Rollins was to receive $42,600 and the Van Astens were to receive the remainder. The Van Astens reason that *Redevelopment Auth. v. Bee Frank, Inc.*, 120 Wis. 2d 402, 355 N.W.2d 240 (1984), creates an exception to the unit rule; *Bee Frank* requires the court to only look to the portion of the condemnor's payment and that portion of the jury's verdict to which the litigating owner was legally entitled in determining whether that owner is eligible for litigation expenses under § 32.28(3)(e), STATS. Following this rationale, the jury verdict exceeded the offers by more than 15%.[3]

We hold that the condemnation clause is controlling. Although a lessee is generally entitled to some

---

[3] We understand the different calculations of § 32.28(3)(e), STATS., 15% rule as follows. According to the Department, 15% of $525,000 (the Department's offers) equals $78,750. The Van Astens would be entitled to litigation expenses if the jury award exceeded $603,750, which the Department maintains it did not.

According to the Van Astens' formula, we should reduce their share of the $525,000 compensation award by the Rollins' share, $42,600, equaling $482,400. Fifteen percent of $482,400 is $72,360. The Van Astens would be entitled to litigation expenses if the jury verdict exceeded $556,760, which the Van Astens claim it did ($600,000 - $42,600 = $557,400).

portion of the condemnation award, a lessee may be barred from sharing in the proceeds under the terms of a lease. *See Maxey*, 94 Wis. 2d at 401, 288 N.W.2d at 806. The *Maxey* court described the problem as follows:

"It has become customary in drawing leases . . . to insert a . . . 'condemnation clause'—a provision that, upon the taking by eminent domain of the whole or a part of the premises leased, the term shall come to an end. *Under such a lease the tenant has no estate or interest in the property remaining after the taking to sustain a claim for compensation*, although under some circumstances he [or she] may be entitled to recover for removal expenses, fixtures or other improvements. It has been held that the law does not look with favor on clauses causing forfeiture of the lessee's interest on condemnation, hence, a lease covenant will be construed not to have that effect if its language and the circumstances possibly permit."

*Id.* at 401–02, 288 N.W.2d at 806 (quoted source omitted; emphasis added). " '[W]hen the terms of a contract are . . . indefinite, uncertain, and susceptible of two constructions . . . the contract should be construed as not creating a forfeiture.' " *Id.* at 403, 288 N.W.2d at 807 (quoted source omitted).

■ The condemnation clause provided in part:

If the entire leased premises . . . [are] taken . . . [by] eminent domain . . . this lease shall terminate as of the date of such taking; and . . . the LESSOR will reimburse the LESSEE for twelve months rent. . . . [T]he LESSOR shall receive the entire award, including all amounts paid for the taking of the land, the taking or damage to the buildings or other improvements.

The supreme court has determined that language such as, " '[T]he Lessee shall not be entitled to any part of any award' " is explicit—the lessee is entitled to nothing. *See Maxey*, 94 Wis. 2d at 402, 288 N.W.2d at 806 (quoted source omitted). We conclude that the language of the Van Astens' condemnation clause—the lessor shall receive the entire award—is equally explicit; it creates a forfeiture of Rollins' normal right to share in the condemnation award. Upon total condemnation, the lease agreement terminated and Rollins forfeited its leasehold right to any portion of the condemnation award in exchange for twelve months rent.

We view the condemnation clause as nothing more than a negotiated reapportionment of risk between a lessor and a lessee. The condemnation clause was a carefully bargained paragraph whereby Rollins agreed to abrogate its leasehold interest on the date of the taking in exchange for twelve months rent. The Van Astens, in turn, accepted the risk that the jury award would exceed the condemnor's jurisdictional and written offers.

*Bee Frank* does not change the analysis. In *Bee Frank*, the supreme court awarded litigation expenses to a lessee who owned immovable fixtures in a building owned by a separate party. *See Bee Frank*, 120 Wis. 2d at 415–16, 355 N.W.2d at 246–47. The court held that an award made by the condemnation commission exclusively for a tenant's immovable fixtures constitutes a separate award for the purposes of applying § 32.28(3)(d), STATS. *See Bee Frank*, 120 Wis. 2d at 413, 355 N.W.2d at 245. The court further concluded that the unit rule does not prohibit the court from granting litigation expenses to the party who has successfully litigated its divisible interest. *See id.* at 415, 355

N.W.2d at 246. Because the condemnation commission awarded Bee Frank a separate award for its divisible interest, the immovable fixtures, the strictures of § 32.28(3)(d) were to be applied to that separate award. *See Bee Frank*, 120 Wis. 2d at 415, 355 N.W.2d at 246.

*Bee Frank* is distinguishable from the case before us. The lessee, Bee Frank, unlike Rollins, the lessee here, had a divisible interest in the property—the immovable fixtures. Under the terms of the condemnation clause, Rollins had no estate or interest in the property after the date of the taking to sustain a claim for compensation. (Rollins did agree to twelve months rent as compensation.) Instead, the Van Astens retained the entire interest in the property; no divisible interests remained after the date of the taking.

It is evident that the crucial difference between this case and *Bee Frank* is that *Bee Frank* did not involve an agreement, i.e, condemnation clause, allocating ownership of the right to take a risk in the case of condemnation. Each party maintained control of its separate, divisible property. Such is not the case here. Rollins no longer had a divisible interest in the property as of the date of the taking. The Van Astens retained the entire interest in the property and Rollins was made whole under the terms of the lease.

The fact that the Department named all of the parties with an interest in the property as payees on the award check does not change this result. The condemnor is required to "name all persons having an interest of record in the property taken and may name the other persons" on the condemnation award. Section 32.05(7)(a), STATS. On or before the date of the taking, a check "naming the parties in interest as payees" must be mailed as well. *See* § 32.05(7)(d).

Finally, we do not interpret *Bee Frank* as creating an exception to the unit rule. Rather, *Bee Frank* flows from previous decisions harmonizing the unit rule and the apportionment of the various interests of the property. The *Milwaukee & Suburban Transport* court upheld multiple-question verdicts as long as the first question asked the fair market value of the property taken and the remaining questions asked what value considerations had gone into the jury's determination of the total value. *See Milwaukee & Suburban Transp.*, 82 Wis. 2d at 450, 263 N.W.2d at 519.

Next, the *Maxey* court made clear that under ordinary circumstances, a lessee is entitled to some portion of the condemnation award. *See Maxey*, 94 Wis. 2d at 401, 288 N.W.2d at 806. Although the lease at issue in *Maxey* was not sufficiently clear, *see id.* at 402, 288 N.W.2d at 807, the court stated that a properly drawn lease provision explicitly set forth in a condemnation clause, for instance, may bar a lessee from sharing in the proceeds, *see id.* at 401, 288 N.W.2d at 806.

Then in *Green Bay Broadcasting*, the court held that the unit rule requires an appellant to appeal from the gross award even if the objection involves the valuation of a constituent component that went into the gross award. *See Green Bay Broadcasting*, 116 Wis. 2d at 14–15, 342 N.W.2d at 33–34. Following these decisions, the *Bee Frank* court held that an owner of a constituent component of the total property is entitled to litigation expenses if the amount attributable to that component, as determined in a postcondemnation award, exceeds that same portion of the jurisdictional offer by the requisite statutory amount. *See Bee Frank*, 120 Wis. 2d at 407, 355 N.W.2d at 243. In order to be entitled to a particular component of the property, the party must have a legally recognized, separate inter-

est, i.e., fee simple ownership or tenancy, in that property.

We conclude that under the terms of the lease, the Van Astens acquired the entire condemnation award. Because the $600,000 jury verdict failed to exceed by at least 15% the Department's jurisdictional or highest written offers of $525,000 for the condemned property, we conclude that the Van Astens are not entitled to litigation expenses under § 32.28(3)(e), STATS.

Costs denied to both parties.

*By the Court.*—Order reversed.