IN the MATTER OF the CONDEMNATION BY the REDEVELOP-
MENT AUTHORITY OF the CITY OF GREEN BAY, Wis-
consin, of certain lands in said City of Green Bay for
Urban Renewal Redevelopment Purposes,

The REDEVELOPMENT AUTHORITY OF the CITY OF GREEN
BAY, Wisconsin, Appellant and Cross-Respondent,

v.

BEE FRANK, INC., Respondent and Cross-Appellant.†

Court of Appeals

*No. 82–330. Submitted on briefs December 7, 1982.—
Decided February 8, 1983.*
(Also reported in 331 N.W.2d 840.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant and cross-respondent the cause was submitted on the briefs of *Bittner, Hinkfuss, Sickel & Calewarts* of Green Bay.

For the respondent and cross-appellant the cause was submitted on the brief of *Berk Law Offices, S.C.,* and *Bernard Berk* of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   The Redevelopment Authority of the City of Green Bay (RDA) appeals from a circuit court order awarding $3,759.78 in litigation expenses to the tenant, Bee Frank, Inc., in a condemnation proceeding.   The primary issue on appeal is whether, when determining if litigation expenses are awardable under sec. 32.28(3)(d), Stats., the trial court improperly compared that part of the condemnation commission's award for the tenant's immovable fixtures to the tenant's immovable fixtures portion of the jurisdictional offer.   Bee Frank cross-appeals, arguing that the litigation expenses arising from the proceedings before the condemnation commission must be awarded in the form of a judgment rather than an order.   Because the condemnation commission's total award did not exceed the total jurisdictional or previous highest written offer by at least $700 and at least fifteen percent, we conclude that litigation expenses are not awardable in this case.

The RDA, for purposes of urban renewal development,[1] condemned a commercial building occupied by Bee Frank.   The RDA made a jurisdictional offer of $450,408, apportioning $282,000 for the land and building and $168,408 for the immovable fixtures.   The owner and Bee Frank agreed that the owner would be compensated for the land and building, and Bee Frank would be compensated for the immovable fixtures.   After the owner and Bee Frank rejected the jurisdictional offer, a hearing was set before the Brown County Condemnation Commission.   Prior to the hearing, however, the RDA and the owner agreed on $296,000 as compensation for the land and building.   The commission therefore heard evidence only on the value of Bee Frank's interest in the immovable fixtures.   In its decision, the commission

[1] A condemnation proceeding for urban renewal development falls within § 32.06, Stats.

noted that the issue of compensation due the owner was settled prior to the meeting, and it awarded Bee Frank $210,000 in damages for the immovable fixtures.

Section 32.28(3)(d) states that the court shall award litigation expenses to the condemnee if:

The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court.

The trial court held that because Bee Frank's $210,000 portion of the commission's award exceeded the $168,408 portion of the jurisdictional offer by $700 and fifteen percent, Bee Frank was entitled to its reasonable litigation expenses.

The RDA argues that the circuit court erred in construing the commission's determination as two separate awards rather than one total award. The RDA asserts that because the $506,100 award does not exceed the $450,408 jurisdictional offer by $700 and fifteen percent, litigation expenses are not awardable under sec. 32.28 (3)(d). It contends that the court should have compared the $450,408 jurisdictional offer to $506,100 ($210,000 award for immovable fixtures, plus the $296,100 settlement covering the land and building) under the principle that the commission makes a single award. Bee Frank contends, however, that because the commission awarded damages only for Bee Frank's immovable fixtures, the $210,000 awarded for the fixtures must be compared to the $168,408 portion of the jurisdictional offer for fixtures to determine if Bee Frank is entitled to litigation expenses. Bee Frank cites no authority for this proposition, nor have we found any.

A statute "is ambiguous when capable of being interpreted by reasonably well-informed persons in either of

two or more senses." *Wisconsin Bankers Association v. Mutual Savings & Loan Association,* 96 Wis. 2d 438, 450, 291 N.W.2d 869, 875 (1980). Because sec. 32.28 could be interpreted by reasonably well-informed persons in either of the senses the RDA and Bee Frank argue, it is ambiguous.

We may apply extrinsic aids to construe an ambiguous statute. *Wirth v. Ehly,* 93 Wis. 2d 433, 441–42, 287 N.W. 2d 140, 144 (1980). Additionally, we recognize that statutes allowing the taxation of costs against the sovereign are in derogation of the common law and must be given a strict construction. *Martineau v. State Conservation Commission,* 54 Wis. 2d 76, 80, 194 N.W.2d 664, 666 (1972). We must also interpret statutes to avoid an absurd or unreasonable result, *Braun v. Wisconsin Electric Power Co.,* 6 Wis. 2d 262, 268, 94 N.W.2d 593, 596 (1959), and to ensure that no part is rendered surplusage. *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980).

In eminent domain proceedings, Wisconsin has adopted the "unit rule of damages" approach for improved real estate, which requires that the real estate be valued as a single entity. "Buildings and improvements are not valued in isolation from the market value of the land, but are considered only to the extent that they enhance the value. The proper measure of damages is therefore the market value of the land with the improvements on it. 4 Nichols, *supra,* secs. 13.11, 13.11[2] pp. 13–8, 13–13 to 13–18." *Milwaukee & Suburban Transport Corp. v. Milwaukee County,* 82 Wis. 2d 420, 448–49, 263 N.W.2d 503, 518 (1978).[2] A condemnation award should be based on

---

[2] Although *Milwaukee & Suburban Transport Corp. v. Milwaukee County,* 82 Wis. 2d 420, 263 N.W.2d 503 (1978), involved § 32.05, Stats., which relates to a condemnation proceeding for sewer and transportation facilities, while § 32.06 relates to con-

the property's value as a whole as if there were only one owner, and it is only after the appropriated property's total value is determined that the award is *apportioned* among the various interests in the property. *Maxey v. Redevelopment Authority,* 94 Wis. 2d 375, 401, 288 N.W. 2d 794, 806 (1980).

Wisconsin recognizes that although the property must be valued as an integrated and comprehensive entity, the individual components of value may still be examined or considered in arriving at an overall fair market value. In *Milwaukee & Suburban Transport,* the Wisconsin Supreme Court accepted separate valuations of the property's components as consistent with the "unit rule" because the components are valued not in isolation, but as interacting parts of a larger whole. "The unit rule requires only that the various components be valued as contributing parts of an organic whole." *Milwaukee & Suburban Transport,* 82 Wis. 2d at 450, 263 N.W.2d at 519.

In *Milwaukee & Suburban Transport,* the court also approved an instruction similar to Wisconsin Civil Jury Instruction 8135 used in eminent domain proceedings involving buildings with improvements. Both instructions require the jury to value the property as a single unit comprised of the various components. Although in *Milwaukee & Suburban Transport* the verdict questions asked the jury for separate valuations of the property's components, the court approved the verdict as consistent with the unity approach. The first question asked for the fair market value of the property taken. The remaining questions merely asked what calculations had gone into the jury's determination of overall value.

demnation proceedings in other than transportation matters, both sections adhere to the concept that the condemnation is for a single parcel of real estate.

In *Maxey*, 94 Wis. 2d at 401, 288 N.W.2d at 806, our supreme court again recognized that there is only one award that the landowner must share with the various interests in the property. In *Fiorini v. City of Kenosha,* 208 Wis. 496, 500, 243 N.W. 761, 762 (1932), the supreme court, while discussing the landlord-tenant interest, stated:

The total amount recoverable in case of the condemnation of land is as above stated, the difference between the values of the land affected, considering it as a whole, before and after taking. This measure must cover both the owner's interest and the lessee's interest when there is a lessee. In the only case in this court called to our attention in any way involving the condemnation of a lessee's interest, in which both the landowner's and lessee's interest were covered by one gross award which was apportioned between the two, it was doubted whether separate proceedings against each should be taken and the thought was expressed that such course would be contrary to the statute. [Citations omitted.]

The State of New York, which has occasionally criticized the unit rule, nevertheless acknowledges that there is no dispute "that a separate award cannot be made for fixtures if what are claimed to be fixtures have become an integral part of the real property." *Marraro v. State,* 189 N.E.2d 606, 609 (N.Y. 1963). We agree. An appropriation of land is an appropriation of everything annexed to the land, whether classified as buildings or fixtures. Although the value of fixtures must be included in determining the appropriated property's total value, when a fixture has lost its identity by becoming a structural part of the building, it can no longer become the subject of a separate award. The condemnation commission and the court may receive evidence of the fixtures' reproduction cost, less depreciation, but only as an

aid in determining the property's fair market value as a single piece of real estate.

The concept of one total award is also consistent with sec. 32.06, which governs the condemnation procedure in this case. Section 32.06(8) speaks in terms of the commission filing *"its award"* with the clerk of the circuit court specifying the property or interest taken and the compensation allowed the owner.

Because Wisconsin has adopted the "unit rule," it follows that the jurisdictional offer or the preceding highest written offer refers to the property as a single unit. Similarly, the commission's award refers to the property as a single unit. Consequently, when determining whether litigation expenses in a sec. 32.06 condemnation proceeding are awardable, the comparison between the commission's award and either the jurisdictional or the highest written offer must be based on the total amount awarded and offered for the property as a whole.

When determining whether litigation expenses are awardable in this case, the commission's total award for the property as a single unit must exceed the $450,408 jurisdictional offer by $700 and fifteen percent. The commission's award for the real estate, which includes the building and improvements, totals $506,100 and does not exceed the jurisdictional offer by at least fifteen percent. We therefore conclude that the tenant, Bee Frank, is not entitled to litigation expenses under sec. 32.28(3)(d).[3]

---

[3] We reached this decision with some difficulty. When a condemnor treats the owner and tenant as separate parties and offers a fixed dollar amount for the fixtures portion of the damages, it would seem appropriate, when determining if litigation expenses are awardable, to compare only that portion of the commission's award to the corresponding portion of the jurisdictional offer.

Bee Frank also contends that sec. 814.10 (3), Stats., requires the RDA to file its objections to the claimed litigation expenses within ten days. It reasons that by the RDA's failure to object, the amount of litigation expenses became final and not reviewable. We disagree. The court-awarded litigation expenses are in lieu of costs under ch. 814, sec. 32.28 (3). Chapter 814 is therefore inapplicable. Because we conclude that Bee Frank is not entitled to litigation expenses, it is unnecessary to address the issue raised on cross-appeal.

*By the Court.*—Order reversed.

It appears questionable under a § 32.06 condemnation proceeding, however, whether a tenant who owns immovable fixtures in a building is entitled to a separate hearing before the commission or circuit court. It also appears questionable whether a non-titleholder to the property, such as a tenant, is ever entitled to litigation expenses in a § 32.06 condemnation proceeding. Section 32.06 requires the condemnor to provide the *owner* with a copy of the appraisal to record a certificate of compensation stating the identity of all persons who have an *interest of record* in the property. The record titleholders to property are the "owners" for the purpose of receiving a jurisdictional offer in a condemnation proceeding pursuant to § 32.05 (3). *Area Board of VTAE District No. 2 v. Saltz*, 57 Wis. 2d 524, 530, 204 N.W.2d 909, 912 (1973). This statutory approach also reinforces the conclusion that the condemnation commission makes one total award to the owner who is then required to share the compensation with those having interests in the property.

We note these problems because we recognize that in some counties, the condemnor attempts to treat the various tenants and their interests separate from the landowner by apportioning its total offer to the various interests. It would seem reasonable for the legislature to provide the interested parties with a procedure for challenging the offered amounts similar to that provided in § 32.05 (9), which allows hearings for the interested parties before the commission.