IN the MATTER OF the CONDEMNATION BY the REDEVELOP-MENT AUTHORITY OF the CITY OF GREEN BAY, Wisconsin, of certain lands in said City of Green Bay for urban renewal redevelopment purposes:

The REDEVELOPMENT AUTHORITY OF the CITY OF GREEN BAY, Wisconsin, Appellant and Cross-Respondent,

v.

BEE FRANK, INC.,
Respondent and Cross-Appellant-Petitioner.

Supreme Court

*No. 82–330.   Argued September 4, 1984.—Decided October 2, 1984.*

(Also reported in 355 N.W.2d 240.)

For the respondent and cross-appellant-petitioner there were briefs by *Avram D. Berk* and *Berk Law Offices, S.C.,* Green Bay, and oral argument by *Avram D. Berk.*

For the appellant and cross-respondent there was a brief by *William Hinkfuss* and *Hinkfuss, Sickel & Calewarts,* Green Bay, and oral argument by *William Hinkfuss.*

WILLIAM A. BABLITCH, J.  Bee Frank, Inc., the owner of immovable fixtures in a commercial building

which was the subject of condemnation, seeks review of a court of appeals' decision which denied it litigation expenses. The award of the condemnation commission to Bee Frank, Inc. for its immovable fixtures exceeded the jurisdictional offer for the fixtures by the amount required by statute to allow recovery of litigation expenses. Nevertheless, the court of appeals held that in order for the owner of immovable fixtures in a condemnation proceeding to be entitled to litigation expenses, the total amount to be paid for the entire property (after the condemnation commission makes its award) must exceed the total amount of the jurisdictional offer for the entire property by the requisite statutory amount. We hold that the owner of immovable fixtures is entitled to litigation expenses when the condemnation commission's award for those immovable fixtures exceeds the tenant's immovable fixtures portion of the jurisdictional offer by the requisite statutory amount. We also hold that the procedure of ch. 814, Stats., is inapplicable with respect to the award of litigation expenses pursuant to sec. 32.28(3), and that the award of litigation expenses is made by a court order.

Bee Frank, Inc., a lessee, owned immovable fixtures in a commercial building owned by another party. On November 18, 1980, the Redevelopment Authority of the City of Green Bay initiated eminent domain proceedings to condemn this property for the purposes of urban renewal development.

The Redevelopment Authority had one appraisal made for the land and building and a separate appraisal made for the immovable fixtures. On October 24, 1980, a jurisdictional offer was made, pursuant to sec. 32.05(3), Stats., which specified that $282,000 was being offered for the loss of the land and the building and that $168,000 was being offered for the loss of the immovable

fixtures, for a total offer of $450,408. Both parties rejected the offer.

On November 18, 1980, the Redevelopment Authority petitioned the circuit court for a hearing before the condemnation commission of Brown county, as provided by sec. 32.05(9), Stats., naming both the owner and Bee Frank, Inc. as parties. Prior to the condemnation commission's hearing, the owner of the real estate reached an agreement with the Redevelopment Authority on a $296,100 purchase price for the land and building.

The condemnation commission found at the January 14, 1981, hearing that the only issue left for it to decide was the just compensation to be awarded to Bee Frank, Inc. for its immovable fixtures. The commission awarded Bee Frank, Inc. $210,000 for the immovable fixtures, an amount $41,592 (approximately 25 percent) in excess of the Redevelopment Authority's jurisdictional offer to Bee Frank, Inc.

Bee Frank, Inc. served a notice of proposed taxation of litigation expenses on the Redevelopment Authority, who filed no objections with the clerk of courts. The Redevelopment Authority did not comply with sec. 814.10, Stats., which requires a party to file objections to the clerk of courts' taxation within ten days. Instead, it filed a notice of objection and a request for hearing with the circuit court concerning the litigation expenses.

The trial court rejected the Redevelopment Authority's argument that the total amount of the property as a whole should be involved in determining Bee Frank, Inc.'s entitlement to litigation expenses, and directed the entry of a judgment awarding litigation expenses of approximately $4,100. Subsequently, on November 25, 1981, the court decided that the judgment should be set aside and that an order containing the same terms should be issued in lieu of the judgment. This order was signed on February 9, 1982.

The Redevelopment Authority appealed the award of litigation expenses to the court of appeals and Bee Frank, Inc. cross-appealed on the issues of whether sec. 814.10, Stats., is applicable to the award of litigation expenses, and whether the award of litigation expenses should be incorporated in a judgment or an order. In a published opinion, the court of appeals held that immovable trade fixtures were an integral part of the building and could not be considered separately from the purchase price for the land and building in determining entitlement to litigation expenses. *Green Bay Redevelopment Authority v. Bee Frank,* 112 Wis. 2d 1, 331 N.W.2d 840 (Ct. App. 1983). The court of appeals concluded that the commission's award for the entire property, totaling $506,100, did not exceed the jurisdictional offer of $450,408 for the entire property by 15 percent, the requisite amount, and reversed the trial court. The court further concluded that the procedures set forth in sec. 814.10 were inapplicable. The court of appeals did not reach the question of whether the award of litigation expenses should be incorporated into a judgment or an order because it concluded that Bee Frank, Inc. was not entitled to litigation expenses.

Bee Frank, Inc. subsequently filed a petition for review with this court which was granted.

The issues for review are:

(1) Whether the owner of immovable fixtures is entitled to litigation expenses when the amount attributable to the immovable fixtures, as determined by the condemnation commission award, exceeds the immovable fixtures portion of the jurisdictional offer by the requisite statutory amount? We hold that Bee Frank, Inc. is entitled to receive litigation expenses because the commission's award exceeded the jurisdictional offer for the immovable fixtures by the requisite statutory amount.

(2) Whether litigation expenses are to be taxed pursuant to the procedures set forth in sec. 814.10, Stats., and whether they are to be followed by a judgment or by a court order? We hold that the procedures set forth in sec. 814.10 are inapplicable and that litigation expenses are to be awarded by court order.

I.

Section 32.28(3), Stats., provides in part:

"In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee, if:
". . .
"(d) The *award* of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court. . . ." (Emphasis added.)

The petitioner argues that the term "award" refers to the condemnation commission's award for its immovable fixtures and does not include the negotiated settlement made with the real estate owner prior to the condemnation commission hearing. The Redevelopment Authority argues that the term "award" refers to the total award for the real estate, including the building and the immovable fixtures. Because the words of the statute, on their face, are reasonably capable of being understood in either of these senses, we agree with the court of appeals that the test for statutory ambiguity— whether the statute is capable of being construed in two different ways by reasonably well-informed persons— has been met. *Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981).

Thus, this court is faced with a question involving an interpretation of an ambiguous statute to a set of

undisputed facts. The construction of an ambiguous statute is a question of law. *Sprague-Dawley, Inc. v. Moore,* 37 Wis. 2d 689, 693, 155 N.W.2d 579 (1968). Therefore, this court need not give special deference to the determinations of the trial court or court of appeals. *LePoidevin v. Wilson,* 111 Wis. 2d 116, 121, 330 N.W.2d 555 (1983).

In construing sec. 32.28 (3), Stats., this court is guided by a number of well settled rules of statutory construction. First and foremost among them is the rule that the purpose of engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389 (1984). When the language of a statute is ambiguous or unclear, this court will examine the scope, history, context, subject matter and object of the statute in order to discern the intent of the legislature. *Id.* at 538; *Midland Fin. Corp. v. Department of Rev.,* 116 Wis. 2d 40, 46, 341 N.W.2d 397 (1983). One further principle which must direct the court in construing a statute is that the court must interpret it in such a way as to avoid an absurd or unreasonable result. *Braun v. Wisconsin Electric Power Co.,* 6 Wis. 2d 262, 268, 94 N.W.2d 593 (1959).

Additionally, this court has recognized that the exercise of the power of eminent domain is an "extraordinary power" and requires that a rule of strict construction be employed to benefit the owner whose property is taken against his or her will. *Standard Theatres v. Transportation Dept.,* 118 Wis. 2d 730, 742–43, 349 N.W.2d 661 (1984) (citing 1 Nichols, *Eminent Domain* secs. 3.213 [3] and [4] (rev. 3d ed. 1976)). For the same reasons, this court has recognized that statutory provisions which favor an owner regarding the compensation to be paid

to him or her are to be liberally construed. *Aero Auto Parts, Inc. v. Dept. of Transp.*, 78 Wis. 2d 235, 241, 253 N.W.2d 896 (1977) (citing 1 Nichols, *Eminent Domain* sec. 3.213[4] (rev. 3d ed. 1976)).

At the onset we note that there is no language in sec. 32.28, Stats., cited in part below,[1] which would require the court to combine the condemnation commission's award for a tenant's immovable fixtures with the negotiated price for the land and buildings given to the owner in order to determine whether litigation expenses are awardable. We further note that there is no language in the statute which prohibits the condemnation commission from making a separate award to an owner whose interest is less than that of a fee simple. It is settled law that the use of the word "owner" in sec. 32.06 is not restricted to the owner of a fee simple; a lessee hav-

---

[1] Sec. 32.28, Stats., provides in pertinent part:

"**32.28 Costs.** (1) In this section, 'litigation expenses' means the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter or chapter 275, laws of 1931, as amended (Kline Law).

"(2) Except as provided in sub. (3), costs shall be allowed under ch. 814 in any action brought under this chapter or chapter 275, laws of 1931, as amended (Kline Law). If the amount of just compensation found by the court or commissioners of condemnation exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer, the condemnee shall be deemed the successful party under s. 814.02(2).

"(3) In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:

". . . .

"(d) The award of the condemnation commission under s. 32.05 (9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court."

ing a leasehold interest is an owner. *Maxey v. Redevelopment Authority of Racine,* 94 Wis. 2d 375, 387–88, 288 N.W.2d 794 (1979). The omission of these statutory directives is not surprising, however, given the legislative concern which gave rise to the condemnation statutes.

The legislature had a dual intent in drafting sec. 32.28(3)(d), Stats.: 1) to discourage the condemnor from making inequitably low jurisdictional offers and 2) to make the condemnee, who meets the statutory requirements, whole. *Standard Theatres, supra* at 741; *Acquisition of Certain Lands by Benson,* 101 Wis. 2d 691, 697, 305 N.W.2d 184 (Ct. App. 1981). The legislature permitted the condemnor some margin for making an offer less than the amount finally awarded by the condemnation commission. However, the legislature required that the condemnor indemnify the condemnee for litigation expenses, including attorney fees incurred by an appeal, if the condemnor exceeded the margin permitted by the legislature. *Standard Theatres, supra* at 741. The condemnor is liable for litigation expenses if it offers an amount which is at least $700 and at least 15 percent below the condemnation commission award. Section 32.28(3)(d).

We find that this twofold legislative intent is best served by interpreting the term "award" in sec. 32.28 (3)(d), Stats., to constitute a separate award for a tenant's immovable fixtures. The legislative intent of making successful condemnees whole and discouraging inequitably low condemnation offers is frustrated if the term "award" as applied in sec. 32.28(3)(d) is interpreted to include the negotiated settlement made between the condemnor and the real estate owner prior to the condemnation hearing.

In enacting sec. 32.28(3)(d), Stats., the legislature recognized that litigation expenses, which include the cost of ". . . reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners . . . ," sec. 32.28(1), must be awarded in order to make the condemnee whole. As we recently stated in *Standard Theatres*:

"When the owner is deprived of property against his or her will, it is obvious that the owner is not justly compensated for his or her property if the owner must initially be forced to litigate in order to obtain the full value of the land, and then must pay for his or her attorney fees from this full value. The attorney fees incurred here were, after all, necessitated by the owner's attempt to get the fair value of the owner's real estate. Therefore, one must start from the premise that the owner is to be compensated for the attorney fees. In other words, the purpose behind the statute is to make the owner 'whole,' through compensating the owner for the value of the property taken and for the attorney fees incurred in attempting to obtain this value." *Standard Theatres, supra* at 744.

While *Standard Theatres* specifically dealt with attorney fees, its holding is clearly applicable to the other litigation expenses, enumerated in sec. 32.28(1), Stats. In permitting recovery of litigation expenses, the legislature sought to provide the condemnee with just compensation by ensuring that he or she would not be forced to use part of the award to pay for litigation expenses after a successful appeal. In construing sec. 32.28(3)(d) in the manner it did, the court of appeals denied recovery of litigation expenses necessarily expended by the owner of the fixtures in obtaining just compensation and therefore failed to make that successful condemnee whole.

Additionally, in a situation where the value of land and buildings, owned by one party, is substantially

greater than the value of the immovable fixtures owned by the tenant, the condemnor would have little reason to make a fair offer for the fixtures portion of the total award if we were to adopt the position urged by the Redevelopment Authority. If the real estate owner is satisfied with its jurisdictional offer, the condemnor would rarely have to pay the litigation expenses of the immovable fixtures owner. This is because any increase the immovable fixtures owner would receive by litigating its just compensation before the condemnation commission would not satisfy the 15 percent requirement because the increase would not have a substantial enough impact on the total award.

We hold, therefore, that an award made by the condemnation commission, pursuant to sec. 32.06(8), Stats., exclusively for a tenant's immovable fixtures constitutes a separate award for the purposes of applying sec. 32.28 (3)(d). Section 32.06(8) is cited in full below.[2] We concluded that the court of appeals erred when it held that the term "award" referred to the entire settlement made by the condemnor to the condemnees, even though only Bee Frank, Inc. received an award through the condemnation commission.

Respondent further argues that the unit rule of damages for real estate valuation mandates a finding that awarding separate litigation expenses to the owner of

[2] Sec. 32.06(8), Stats., provides:

"COMMISSION HEARING. Thereafter the commission shall proceed in the manner and with the rights and duties as specified in s. 32.08 to hear the matter and make and file its award with the clerk of the circuit court, specifying therein the property or interests therein taken and the compensation allowed the owner, and the clerk shall give certified mail notice with return receipt requested of such filing, with a copy of the award to the condemnor and owner."

the immovable fixtures is impermissible. The unit rule requires improved real estate to be valued as a single entity for purposes of determining the total value of property taken through condemnation, *Milwaukee & Sub. Transp. v. Milwaukee County*, 82 Wis. 2d 420, 448–49, 263 N.W.2d 503 (1978) (citing 4 Nichols, *Eminent Domain*, secs. 13.11, 13.11[2] pp. 13–8, 13–13 to 13–18). Accordingly, respondent asserts that sec. 32.28(3)(d), Stats., requires a comparison of the condemnation award and the jurisdictional offer for the property as a single unit, irrespective of the separate interests involved. We disagree. While the unit rule of damages is a controlling principle in eminent domain actions, its application in determining entitlement to litigation expenses, pursuant to sec. 32.28(3)(d), contravenes the public policy enunciated in our recent ruling in *Green Bay Broadcasting v. Green Bay Authority*, 116 Wis. 2d 1, 342 N.W.2d 27 (1983).

*Green Bay Broadcasting* also dealt with the rights of a lessee vis-a-vis the owner in a condemnation proceeding, particularly where lessee-owned immovable fixtures were involved. The particular issue before this court was whether a party aggrieved by a condemnation award must give notice of appeal to all tenants who were parties to the condemnation proceeding or only to those tenants whose portion of the award was being challenged. While this court reaffirmed the validity of the unit rule, we held that the aggrieved party could appeal from the gross award and yet only serve notice of appeal on those tenants whose apportionment of the total award was being challenged. *Green Bay Broadcasting, supra* at 20.

The court determined that "[i]t would appear sensible and in accordance with the spirit of the condemnation statutes . . ." to name only those parties whose portion

of the gross award was being contested by the aggrieved party. *Id.* The court stated:

"Although the defendant Authority was aggrieved in respect to the gross sum determined by the Commission, its grievance involved the component portion of the gross award that pertained to the named tenants. It would be contrary to sound judicial administration and expeditious procedure for this court to require more parties to be joined in an action than necessary for the determination of the issues essential to resolve the controversy." *Id.*

Thus, this court in *Green Bay Broadcasting* allowed practical recognition that a gross award represents the total of various components, notwithstanding the unit rule; the unit rule would not be employed to prohibit an aggrieved party from attacking the constituent components that went into the gross award. The *Green Bay Broadcasting* court found that the "spirit" of the condemnation statute would best be served by permitting litigation of divisible interests without bringing in unnecessary parties.

For the same reasons enunciated in *Green Bay Broadcasting,* here too it would be contrary to sound public policy to employ the unit rule to prohibit the court from granting litigation expenses to the party who has successfully litigated its divisible interest. Here, as in *Green Bay Broadcasting,* the "spirit" of the condemnation statute is best served by allowing those litigation expenses.

Therefore, we hold that the award made by the condemnation commission to the immovable fixtures owner is a separate award for the purposes of applying sec. 32.28(3)(d), Stats. Thus, applying this statutory construction to this case results in the conclusion that Bee Frank, Inc. is entitled to receive litigation expenses. The $210,000 award made to Bee Frank, Inc. by the condem-

nation commission exceeds the $167,408 jurisdictional offer made to Bee Frank, Inc. by $41,592 or approximately 25 percent. This well exceeds the statutory requisite of $700 and 15 percent. We remand this case to the trial court to determine reasonable litigation expenses incurred in the entire appeal and review proceedings, with directives to award these litigation expenses to Bee Frank, Inc.

## II.

The petitioner argues that the procedures of sec. 814.10, Stats., cited in full below,[3] apply to the award of litigation expenses provided in sec. 32.28(3). Additionally, the petitioner asserts that the award of litigation expenses should be incorporated into a judgment. We find no merit in either of these arguments.

[3] Sec. 814.10, Stats., provides:

"814.10 **Taxation of costs.** (1) CLERK'S DUTY, NOTICE, REVIEW. The clerk shall tax and insert in the judgment and in the docket thereof, if the same shall have been docketed, on the application of the prevailing party, upon three days' notice to the other, the sum of the costs and disbursements as above provided, verified by affidavit.

"(2) COST BILL, SERVICE. All bills of costs shall be itemized and served with the notice of taxation.

"(3) OBJECTIONS, PROOFS, ADJOURNMENT. The party opposing such taxation, or the taxation of any particular item shall file with the clerk a particular statement of his objections, and he may produce proof in support thereof and the clerk may adjourn such taxation, upon cause shown, a reasonable time to enable either party to produce such proof.

"(4) COURT REVIEW. The clerk shall note on the bill all items disallowed, and all items allowed, which have been objected to; and his action may be reviewed by the court on motion of the party aggrieved made and served within ten days after taxation, which review shall be founded on the bill of costs and the objections and proof on file in respect thereto. No objection shall be entertained on such review which was not made before the clerk, except to prevent great hardship or manifest injustice."

Section 32.28(3), Stats., provides that: ". . . in lieu of costs under ch. 814, *the court shall award litigation expenses* to the condemnee. . . ." (Emphasis added.) We believe that this statutory language clearly and unequivocally requires the court to make the award of litigation expenses; because of that, this express language precludes the condemnee from seeking resort, through ch. 814, to the clerk of courts in order to have litigation expenses taxed.

The legislature expressly provided that a successful litigant under sec. 32.28(2), Stats., is only entitled to receive those statutory costs as permitted under ch. 814.

Section 32.28(2) provides that:

"Except as provided in sub. (3), costs shall be allowed under ch. 814 in any action brought under this chapter or chapter 275, laws of 1931, as amended (Kline Law). If the amount of just compensation found by the court or commissioners of condemnation exceeds the jurisdictional offer or the highest written offer, the condemnee shall be deemed the successful party under s. 814.02(2)."

However, the litigation expenses provided under sec. 32.28(1), Stats., for the condemnee who satisfies the statutory requirements in sec. 32.28(3) are far broader than those provided to a party who is a successful condemnee under sec. 32.28(2). As such, the legislature opted for the court to make the award of litigation expenses, rather than the clerk of courts under sec. 814.10. The trial court is in the most advantageous position to make a determination as to the reasonableness of fees that comprise the litigation expenses. As we have previously stated, the trial court is in the best position to award reasonable fees because it may be more aware of the costs incurred by a firm in managing its legal practice, than would a clerk of courts. *Standard Theatres, supra* at

747. Similarly, the trial court is in a far better position to determine the ". . . other costs, disbursements and expenses including reasonable . . . appraisal and engineering fees necessary to prepare for or participate in . . . proceedings before the condemnation commissioners. . . ." Section 32.28(1).

Having concluded that the procedures of ch. 814, Stats., are inapplicable to the award of litigation expenses under sec. 32.28(3), we also reject the petitioner's argument that the procedure of sec. 814.10(4) required the Redevelopment Authority to file an objection to the taxation of costs within ten days. Therefore, the petitioner's contention that the award of litigation expenses should never have been reviewed given that the Redevelopment Authority did not comply with sec. 814.10 is without merit.

We also reject the petitioner's argument that the court must issue its award in the form of a judgment, rather than an order. While the court of appeals did not address this issue because it found that no litigation expenses were to be awarded, the trial court did and concluded that the appropriate procedure was for the court to award litigation expenses in the form of an order. We agree.

The practical difference between entering a judgment and issuing an order is that the former would place a lien on the Redevelopment Authority's real estate. This could result in a certain amount of difficulty with respect to real estate titles while litigation is pending on an appeal. The trial court was unwilling to enter a judgment since there was no suggestion of any lack of financial responsibility on the part of the Redevelopment Authority and since there was no indication in the statute favoring a lien. We agree with the trial court's

reasoning and hold that the trial court shall issue its award in the form of an order, rather than enter a judgment.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court for further proceedings consistent with this opinion.