GOTTSACKER REAL ESTATE COMPANY, INC., Plaintiff-Respondent,

v.

STATE of Wisconsin, Department of Transportation, Division of Highways, Defendant-Appellant.

Richard J. GOTTSACKER, Plaintiff-Respondent,

v.

STATE of Wisconsin, Department of Transportation, Division of Highways, Defendant-Appellant.

Court of Appeals

No. 84–943. Submitted on briefs August 17, 1984.—
Decided October 24, 1984.
(Also reported in 359 N.W.2d 164.)

For the defendant-appellant, the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Robert W. Larsen,* assistant attorney general.

For the plaintiffs-respondents, the cause was submitted on the brief of *Jerome L. Fox,* of *Olson, Winter and Fox,* of Two Rivers, and *Carroll B. Callahan,* of *Callahan and Arnold,* of Columbus.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The State of Wisconsin appeals from that part of the judgment awarding litigation expenses, together with interest, under sec. 32.28, Stats., to Gottsacker Real Estate Company, Inc. and Richard J. Gottsacker (Gottsacker).

Gottsacker (highway condemnee) is entitled to litigation expenses under sec. 32.28(3)(e), Stats., if the jury award exceeds the jurisdictional offer. In this case, however, the state made an "offer of judgment" for a greater amount than the jurisdictional offer after the jurisdictional offer was refused.[1] The jury award exceeded the jurisdictional offer but was less than the offer of judgment. The state claims that sec. 807.01, Stats. (dealing with offers of judgment) controls over sec. 32.28(3)(e) (dealing with jurisdictional offers). We hold that sec. 32.28(3)(e) controls and Gottsacker is entitled to his litigation expenses. We affirm.

In an "Agreed Statement of the Case," the parties related these facts: this is a highway condemnation case under sec. 32.05, Stats., involving the partial taking of two parcels of land denominated Parcels 4 and 5. Parcel 4 was 7.75 acres before the taking and 6.80 acres after. The jurisdictional offer for Parcel 4 was $10,000. Parcel 5 was 12.22 acres before the taking and 5.90 acres after. The jurisdictional offer for Parcel 5 was $55,620.

On June 4, 1982, the state served Gottsacker's attorney with an offer of judgment for total compensation in the amount of $15,000 for Parcel 4 and $95,000 for Parcel 5. The offer of judgment was not accepted prior to trial, and the jury found just compensation in the amount of $7,500 for Parcel 4 and $75,000 for Parcel 5.

Gottsacker moved to recover litigation expenses, under sec. 32.28, Stats., for Parcel 5 since the jury verdict exceeded the jurisdictional offer. The state objected claiming that, under sec. 807.01, Stats., Gottsacker was precluded from recovering litigation expenses since the jury awards were less than the offer of judgment.

[1] While the parties refer to an "offer of settlement," we believe the correct term is an "offer of judgment" under sec. 807.01(1), Stats., since the offer was served on the plaintiff by the defendant.

The trial court held that Gottsacker was entitled to recover litigation expenses under sec. 32.28, Stats.[2] It held that in condemnation cases, sec. 32.28 is the controlling statute as opposed to sec. 807.01, Stats., which applies to civil actions in general.

Statutory construction is a question of law, and this court is not required to give any special deference to the conclusions of the trial court. *Behnke v. Behnke*, 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). The statutes at issue both deal with the recovery of costs in litigation. Section 32.28(1), Stats., governs the recovery of "litigation expenses" in preparation for "proceedings before the condemnation commissioners, board of assessment or any court under this chapter or chapter 275, laws of 1931, as amended (Kline Law)."[3] Section 32.28(3)(e) provides that "[i]n lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if . . . [t]he jury verdict as approved by the court under sec. 32.05(11) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% . . . ."

Section 807.01, Stats., governs the recovery of costs in all civil actions and special proceedings. Sec. 801.01, Stats. Section 807.01(1) provides:

After issue is joined but at least 20 days before the trial, the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against the defendant for the sum, or property, or to the effect therein specified, with costs. . . . If the offer of judg-

[2] The parties stipulated that total litigation expenses for the purpose of sec. 32.28, Stats., are in the amount of $15,000.

[3] We note that sec. 32.28(1), Stats., has been amended to delete the words "or chapter 275, laws of 1931, as amended (Kline Law)." Section 4, 1983 Wis. Act 236.

ment is not accepted and the plaintiff fails to recover a more favorable judgment, the plaintiff shall not recover costs but defendant shall recover costs to be computed on the demand of the complaint.

The state contends that while Gottsacker would normally qualify for litigation expenses under sec. 32.28, Stats., for Parcel 5, litigation expenses should not be awarded because under sec. 807.01, Stats., the jury awards were less than the offer of judgment. The state claims that secs. 32.28 and 807.01 should be harmonized to give effect to both statutes and to avoid the result of rendering sec. 807.01 a nullity in highway condemnation cases. The state contends that since Gottsacker did not accept the offer of judgment, Gottsacker is not entitled to litigation expenses and should pay the costs or at least those costs incurred after the offer was made. We disagree.

In construing secs. 32.28 and 807.01, Stats., we are guided by well-settled rules of statutory construction. First, the purpose of engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ball v. District No. 4, Area Board of Vocational, Technical & Adult Education,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389, 394 (1984). The legislative intent in drafting sec. 32.28 was: (1) to discourage the condemnor from making inequitably low jurisdictional offers, and (2) to force the condemnor to indemnify the condemnee for attorney fees incurred by an appeal. *Standard Theatres, Inc. v. Department of Transportation,* 118 Wis. 2d 730, 741, 349 N.W.2d 661, 668 (1984). In allowing the condemnee to recover litigation expenses, the legislature sought to provide just compensation by ensuring that part of the award would not have to be used to pay for litigation expenses. *Green Bay Redevelopment Authority v. Bee Frank, Inc.,* 120 Wis. 2d 402, 412, 355 N.W.2d 240, 245 (1984).

■

Section 32.28, Stats., contemplates the complete avoidance of litigation expenses by making a reasonable jurisdictional offer from the start. We agree with the trial court that if sec. 807.01, Stats., was applicable in condemnation cases, a condemnor would not have any motivation to make a just and reasonable jurisdictional offer, under sec. 32.05, Stats., at the outset. Such result would defeat the legislative purpose of sec. 32.28.

■ ■

Next, the general rule of statutory construction in Wisconsin where two statutes relate to the same subject matter is that the specific statute controls over the general statute. *Kramer v. City of Hayward,* 57 Wis. 2d 302, 311, 203 N.W.2d 871, 876 (1973). In this case, it is clear that secs. 32.28 and 807.01, Stats., relate to the same subject matter, namely, costs in matters of litigation. However, sec. 807.01 is a general statute and sec. 32.28 is a specific statute. Section 32.28(3)(e) specifically governs the recovery of actual litigation costs in eminent domain cases, while sec. 807.01 applies to settlement offers made in all civil actions and special proceedings.

Section 801.01(2), Stats., specifically directs that "[c]hapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings . . . *except where different procedure is prescribed by statute or rule."* (Emphasis added.) Since sec. 32.28, Stats., directs a procedure different from that in sec. 807.01, Stats., sec. 801.01(2), in effect, precludes the use of sec. 807.01 in condemnation cases.[4] There is no need for this court to harmonize the

[4] Similarly, in *Green Bay Redevelopment Authority v. Bee Frank, Inc.,* 120 Wis. 2d 402, 417, 355 N.W.2d 240, 247 (1984), our supreme court held that the procedures of ch. 814, Stats., are inapplicable to the award of litigation expenses under sec. 32.28(3), Stats. The court held:

two statutes in the manner that the state suggests since sec. 801.01(2) directs us to apply the specific procedure established in sec. 32.28(3)(e).

We also note that sec. 32.28(3)(e), Stats., was enacted after sec. 807.01, Stats. Since a more recent statute controls and exists as an exception to a general statute covering the same subject matter, *see Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 711, 205 N.W. 2d 365, 368 (1973), and *Grant County Service Bureau, Inc. v. Treweek*, 19 Wis. 2d 548, 552, 120 N.W.2d 634, 638 (1963), we conclude that sec. 32.28 controls.

Gottsacker requests that we remand this case to the trial court for a determination and award of the additional litigation expenses incurred as a result of this appeal. Gottsacker contends that sec. 32.28(1), Stats., allows litigation expenses necessary to prepare for "proceedings before the condemnation commissioners, board of assessment or *any court* under this chapter" (emphasis added) and therefore Gottsacker is entitled to litigation expenses for this appeal. We agree.

We conclude that it would be contrary to the purpose of sec. 32.28, Stats., to require the condemnee to bear the costs incurred as a result of the condemnor's appeal after litigation expenses have been awarded to the condemnee in the trial court. It would be inconsistent to allow the condemnee to recover only those litigation expenses incurred in circuit court proceedings but not those incurred in an appeal. *Narloch v. Department of Transportation*, 115 Wis. 2d 419, 441, 340 N.W.2d 542, 553

Section 32.28(3), Stats., provides that: ". . . in lieu of costs under ch. 814, *the court shall award litigation expenses* to the condemnee . . . ." (Emphasis added.) We believe that this statutory language clearly and unequivocally requires the court to make the award of litigation expenses . . . this express language precludes the condemnee from seeking resort, through ch. 814, to the clerk of courts in order to have litigation expenses taxed.

*Id.*

(1983). Accordingly, we affirm the judgment and remand this case to the trial court for a determination of the reasonable litigation expenses incurred by Gottsacker as a result of this appeal.

*By the Court.*—Judgment affirmed and cause remanded with directions.