MR. JEFFREY R. KOHLER, District, Attorney Washburn County
In your letter of September 22, 1986, you indicate that a school district in your county desires to publish legal notices in a shopper paper which does contain some news items but does not meet the qualifications contained in section 985.03 (1)(a), Stats. You also state that two newspapers which do meet the qualifications of that statute have paid circulation within the district, but that neither of them actually publishes within the school district within the meaning of section 985.01 (5). It is also my understanding that neither of these newspapers has been designated as an official newspaper by the district.
Based upon the preceding fact situation, you ask whether section 120.11 (4) empowers the school district to publish legal notices in the shopper paper. Your inquiry arises because unlawful publication could conceivably subject the school district or its officials to prosecution under section 985.03
(2).
In my opinion, the district may lawfully publish legal notices concerning the proceedings of school board meetings in the shopper paper under the circumstances you describe. However, the shopper paper could not be used for the publication of other kinds of legal notices required to be published by law.
Section 120.11 (4) provides as follows:
 The proceedings of a school board meeting shall be published within 45 days after the meeting as a class I notice, under ch. 985, in a newspaper published in the school district, if any, or publicized by school district-wide distribution prepared and directed by the school board and paid out of school funds. If there is no newspaper published in the school district, the proceedings shall be posted or published as the school board directs. For the *Page 270 
purpose of publication, the proceedings shall include the substance of every official action taken by the school board at the meeting and a statement of receipts and expenditures in the aggregate. The school board shall make a detailed record of all receipts and expenditures available to the public for inspection at each school board meeting and upon request.
Section 985.08 (5), provides as follows: "Except as otherwise provided in this section, no fee shall be paid and no public funds shall be used for subsidizing any privately owned newspaper for payment for any legal notice, which newspaper has not previously qualified as a public newspaper as defined in s.985.03." Because of the prohibition contained in section 985.08
(5), a municipality generally may not expend funds to publish the text of a legal notice in a shopper paper which does not meet the qualifications contained in section 985.03 (1)(a). 71 Op. Att'y Gen. 177 (1982). This position was recently affirmed in OAG 29-86 (unpublished). In the absence of statutory language to the contrary, a school district and its officials are subject to the statutory prohibition contained in section 985.03 (1)(a) because a school district is a "municipality" within the meaning of section 345.05 (1)(c).
The term legal notice includes "[e]very publication of laws, ordinances, resolutions, financial statements, budgets and proceedings intended to give notice in an area." Sec. 985.01
(2)(a), Stats. The notices required by section 120.11 (4)(a) fit within the scope of this broad definition. However, neither 71 Op. Att'y Gen. 177 nor OAG 29-86 examines the impact of the exemption provision contained in section 120.11 (4) upon the prohibition on publication contained in section 985.03 (2).
Section 985.05 (3) provides, in part, that "[i]n lieu of the requirements of this chapter, a school board may publish or publicize under s. 120.11 (4) . . . ." Section 120.11 (4), in turn, authorizes legal notices to be "publicized by school district-wide distribution prepared and directed by the school board and paid out of school funds." In the fact situation you describe, section 120.11 (4) contains an additional exemption: "If there is no newspaper published in the school district, the proceedings shall be posted or published as the school board directs."
Statutes dealing with the same subject matter must be read together and harmonized. City of Hartford v. Godfrey,92 Wis.2d 815, *Page 271 
818, 286 N.W.2d 10 (Ct.App. 1979). Statutes are to be reconciled if possible and construed so as to avoid contradictory legislative intent. Brookhill Development, Ltd. v. City ofWaukesha, 99 Wis.2d 485, 491, 299 N.W.2d 610 (Ct.App. 1980),aff'd, 102 Wis.2d 686, 307 N.W.2d 227 (1981). And, where two statutes relate to the same subject matter, the specific statute controls over the general statute. Gottsacker Real Estate Co.,Inc. v. State, 121 Wis.2d 264, 269, 359 N.W.2d 164 (Ct.App. 1984).
Applying these rules of construction, it is clear that, at a minimum, section 985.05 (3) absolves a school district from the publication "requirements" of chapter 985. That is, in lieu of publication, a school district is free to "publiciz[e]" its proceedings "by school district-wide distribution prepared and directed by the school board and paid out of school funds" or, in this case, to "post[ ] or publish[ ] as the school board directs." Sec. 120.11 (4), Stats. Thus, with the exception of school board elections under section 120.06, which are governed by the specific provisions of section 985.05 (1), posting is permissible under section 985.02 (2), and publication in one or more qualified newspapers likely to give notice within the district is permissible under section 985.02 (1). In lieu of publication, a school district may also, pursuant to section120.11 (4), "publicize" its proceedings by means of a district-wide distribution (such as mailing or personal delivery of a letter or pamphlet) prepared and funded by the school board.
The difficult question is whether section 985.05 (3) permits a school district to avoid the prohibition on publication contained in section 985.08 (5). In my opinion, that prohibition does not apply when a school district publishes notice of its proceedings.
"In construing a statute, the general object is to give effect to the intent reflected in the language and to give every word, clause and sentence in a statute a construction that would not render it surplus." State Central Credit Union v. Bigus,101 Wis.2d 237, 242, 304 N.W.2d 148 (Ct.App. 1981). The use of the phrase "may publish" in section 985.05 (3) indicates a belief on the part of the Legislature that school boards could engage in the process of publication in a manner other than that which is permissible under chapter 985. The only possible way in which to interpret section 120.11 (4) so that such alternative modes of publication would be permissible is to construe the phrase "published as the school board *Page 272 
directs" as authorizing the school board to determine the manner of publication of school board proceedings.
I am unwilling, however, to conclude that sections 120.11 (4) and 985.05 (3) absolve newspapers from the entirety of the prohibition contained in section 985.03 (1), or to conclude that those statutes absolve school districts from the entirety of the prohibitions contained in section 985.03 (2).
In 71 Op. Att'y Gen. at 179-80, it was stated that "each time the text of an item which must be published appears in the print media, the publication of a `legal notice' within the meaning of sec. 985.01 (1), Stats., occurs." Section 120.11 (4) authorizes a school board to direct the manner of publication only with respect to "proceedings," which is defined in section 985.01 (4) as "the substance of every official action taken by a local governing body at any meeting, regular or special." Generally, such notices would be of the kind mentioned in section 985.01
(2)(a), which includes "publication of laws, ordinances, resolutions, financial statements, budgets and proceedings . . . ." However, other legal notices could not be published in newspapers that did not meet the qualifications contained in section 985.03 (1)(a).
I, therefore, conclude that a construction which reconciles sections 120.11 (4) and 985.05 (3), with section 985.03, requires compliance with the prohibitions contained in section 985.03 (3) whenever a municipality engages in the process of publication of all legal notices required to be published by law, except for notices of school board proceedings which are published by a school district.
BCL:FTC *Page 273