ANGELINE D. MILLER, Corporation Counsel Juneau County
You ask whether it is the responsibility of the district attorney or the county to develop position descriptions, determine salaries, compile a list of eligible applicants and select investigative and support staff for positions within the district attorney's office.
In my opinion, all such responsibilities other than approval and subsequent supervision of such support staff are county responsibilities.
Section 978.05(8)(b), Stats., as created by 1989 Wisconsin Act 31 and amended by 1989 Wisconsin Acts 117 and 336 provides that the district attorney shall:
 [Supervise]* Hire, employ and supervise his or her staff and make appropriate assignments of the staff throughout the prosecutorial unit. The district attorney may request the assistance of district attorneys, deputy district attorneys or assistant district attorneys from other prosecutorial units or assistant attorneys general who then may appear and assist in the investigation and prosecution of criminal matters in like manner as assistants in the prosecutorial unit and with the same authority as the district attorney in the unit in which the action is brought. Nothing in this paragraph limits the authority of counties to regulate the hiring, employment and supervision of county employes.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.] *Page 20 
Section 978.13, as created by 1989 Wisconsin Act 31 and amended by 1989 Wisconsin Acts 117, 122 and 336, provides as follows:
 Operational expenses of district attorney offices. (1) The state shall assume financial responsibility for all of the following:
. . . .
 (a) Payment of salaries and fringe benefits for district attorneys, deputy district attorneys and assistant district attorneys and compensation and disbursements of acting district attorneys.
. . . .
 (2) Except as provided in sub. (1), each county in a district attorney's prosecutorial unit has financial responsibility for the operation of the district attorney's office, including, but not limited to all of the following:
 (a) Adequate office space in or near the county courthouse for district attorney operations in the county.
 (b) The necessary maintenance services for the upkeep and repair of the office space.
(c) Necessary utilities for the office space.
 (d) A sufficient law library and subscriptions to legal books and publications necessary for the performance of the duties of the district attorney. Books and publications under this paragraph shall remain assets and property of the county.
 (e) Adequate investigators and clerical and all other support staff subject to the approval and supervision of the district attorney.
(f) Office equipment and supplies.
The insertions and deletions made by 1989 Wisconsin Act 117 are shown. The drafting file indicates that the last sentence of section 978.05(8)(b) was inserted as an amendment to 1989 Senate Bill 542 by the Joint Finance Committee, indicating a *Page 21 
conscious intent on the part of the Legislature not to further diminish county hiring responsibilities for county employes in the district attorney's office.
"In construing a statute, the general object is to give effect to the intent reflected in the language and to give every word, clause and sentence in a statute a construction that would not render it surplus." State Central Credit Union v. Bigus, 101 Wis.2d 237,242, 304 N.W.2d 148 (Ct.App. 1981). See 75 Op. Att'y Gen. 269, 271 (1986). The underscored language inserted in sections 978.05(8)(b) and 978.13(2)(e) clarified that counties are financially responsible for providing adequate support staff of all kinds to the district attorney and that, unless stated elsewhere, counties "regulate the hiring, employment and supervision" of such support staff. Since the words, "[h]ire, employ and supervise" were substituted for the word "supervise" in the first sentence of section 978.05(8)(b), that subsection, standing alone, tends to indicate that district attorneys exercise pervasive powers concerning the hiring process for state employes and that counties exercise pervasive powers concerning the hiring process for county employes.
The last sentence of section 978.05(8)(b), however, is a limitation on language "in this paragraph," but does not limit language contained in other sections of the statutes. The preexisting language of section 978.13(2)(e) as created by 1989 Wisconsin Act 31, section 2900, was not repealed when section978.05(8)(b) was amended. That preexisting language granted the district attorney "approval and supervision" with respect to investigative and clerical staff provided by the county.
Under section 978.13(2)(e), the district attorney must approve each new member of the investigative and support staff for his or her office. If the district attorney refuses to approve of any of the individuals on the list of eligible applicants, the hiring process proceeds according to county employment regulations. The district attorney also supervises all investigative and support staff after it is hired. In all other respects, however, the *Page 22 
last sentence of section 978.05(8)(b) is controlling. That sentence grants the county exclusive control over the regulation of the hiring and employment process concerning county employes in the district attorney's office.
I therefore conclude that it is the responsibility of the county to develop position descriptions, determine salaries and compile a list of eligible applicants for investigative and support staff positions within the district attorney's office and that it is the responsibility of the district attorney to approve each new member of the investigative and support staff and to supervise such staff after it is hired.
JED:FTC *Page 23